1  JESSICA R. PERRY (STATE BAR NO. 209321)
   JULIA C. RIECHERT (STATE BAR NO. 254078)
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, California 94025
   Telephone:  650-614-7400
4  Facsimile:   650-614-7401
   jperry@orrick.com
5  jriechert@orrick.com

6
   MARIAM BICKNELL (STATE BAR NO. 317945)
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2050 Main Street, Suite 1100
8  Irvine, California 92614
   Telephone:  949-567-6700
9  Facsimile:   949-567-6710
   mbicknell@orrick.com
10
   Attorneys for Defendants
11 WHITE HOUSE BLACK MARKET, INC. and
   CHICO'S FAS, INC.
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16 MERCEDES HALDY, MOES 1          Case No.
17 through 1,000, individually, and on
   behalf of all other similarly situated,   Orange County Superior Court Case
18                                 No. 30-2021-01184247-CU-OE-CXC
19              Plaintiff,         **NOTICE OF REMOVAL OF
                                   CLASS ACTION BY
20       v.                        DEFENDANTS WHITE HOUSE
                                   BLACK MARKET, INC. AND
21 WHITE HOUSE BLACK MARKET,       CHICO'S FAS, INC.**
   INC., a Florida corporation; CHICO'S
22 FAS, INC., a Florida corporation; and   [*Filed concurrently with Civil Cover
   DOES 1 through 25 inclusive,    Sheet; Corporate Disclosure
23                                 Statement; Certificate and Notice of
              Defendants.          Interested Parties; Notice of Related
24                                 Cases; and Declaration of Andrea
                                   Morganelli*]
25

26

27

28
                                            DEFENDANTS'
                                   NOTICE OF REMOVAL OF CLASS ACTION
                                            CASE NO. _____

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants White House Black Market, Inc. and Chico's FAS, Inc. file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California County of Orange, and state that the removal is proper for the reasons stated below.

## BACKGROUND

1.      On February 16, 2021, Plaintiff Mercedes Haldy filed a Class Action Complaint For Damages in the Superior Court of California for the County of Orange, entitled "*Mercedes Haldy, MOES 1 through 1,000, individually, and on behalf of all other similarly situated, Plaintiff v. White House Black Market, Inc., a Florida Corporation; Chico's FAS, Inc., a Florida Corporation; and Does 1 through 25, inclusive, Defendants,*" Case No. 30-2021-01184247-CU-OE-CXC (the "Action"). *See* **Exhibit 1.** The allegations of the Complaint in the Action are incorporated by reference in this notice without admitting any of them.

2.      The Complaint purports to bring ten class-wide claims against Defendants stemming from Plaintiff's alleged employment with Defendants. Specifically, the Complaint alleges causes of action for: (1) failure to pay all earned wages; (2) failure to pay all earned overtime wages; (3) failure to permit paid 10 minute rest periods; (4) failure to provide 30 minute meal periods; (5) failure to timely pay all earned wages and compensation; (6) failure to pay all earned wages and compensation upon termination; (7) failure to provide lawful wage statements; (8) failure to indemnify; (9) violation of California Wage Theft Prevention Act; and (10) unfair business practices. The Complaint contains no specific allegation as to the amount of damages alleged. *See* **Exhibit 1.**

DEFENDANTS'
NOTICE OF REMOVAL OF CLASS ACTION
CASE NO. _____

3.     On February 18, 2021, Plaintiff personally served Defendants White House Black Market, Inc. and Chico's FAS, Inc. with a copy of the Summons and Complaint in this matter. The Service of Process Notices upon Defendants, along with the Summons and Complaint are attached hereto together with all other pleadings, process, and orders served on Defendants as **Exhibits 1-6**.

## **REMOVAL IS TIMELY**

4.     A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

5.     Here, Defendants' removal is timely because Defendants are filing this Notice of Removal within thirty days of February 18, 2021, the date service on Defendants White House Black Market, Inc. and Chico's FAS, Inc. was completed. *See* Fed. R. Civ. P. 26.

## **CLASS ACTION FAIRNESS ACT**

6.     Defendants remove this action based upon the Class Action Fairness Act ("CAFA"), codified in 28 U.S.C. § 1332(d). This Court has original jurisdiction of this action under § 1332(d)(2). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no defendant identified in the Complaint is a state, officers of a state, or a governmental agency. 28 U.S.C. § 1332(d)(5).

***DIVERSITY OF CITIZENSHIP***

7.    CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

8.    **Plaintiff is a Citizen of California**. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* the domicile. *See Ayala v. Cox Automotive, Inc*., 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to a presumption that Plaintiff is a California citizen"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

9.    Plaintiff alleges that she was domiciled in the state of California at all times relevant to the matters set forth in the Complaint. *See* Complaint ¶ 1. Further, during her employment, Plaintiff provided her residential address to Defendants. *See* Declaration of Andrea Morganelli ("Morganelli Decl.") at ¶¶ 3, 7. Plaintiff was employed by Defendant White House Black Market, Inc. in California from approximately November 2016 to March 3, 2018, and then again from approximately March 26, 2018 to July 10, 2019. *Id*. Throughout her employment with Defendant White House Black Market, Inc. in California, Plaintiff maintained a residential address in Irvine, Orange County, State of California. *Id*.

10.   Therefore, according to Plaintiff's own allegations and Defendants' business records, Plaintiff is a resident of California for purposes of diversity jurisdiction. Thus, at least one member of the putative class is a citizen of a state different from that of one Defendant. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

11.   **Defendants Are Not Citizens of California**. Defendants are now and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. § 1332.

12.   For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13.   The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center." Specifically, our nation's highest court announced:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center."

*Id*. at 92-93.

14.   At the time of the filing of this action, Defendants Chico's FAS, Inc. and White House Black Market, Inc. were, and still are, corporations organized and incorporated under the laws of the State of Florida. Morganelli Decl. at ¶¶ 2, 4. Plaintiff does not dispute this. *See* Complaint ¶ 1.

15.   Defendant Chico's FAS, Inc. is the parent company of Defendant White House Black Market, Inc. and Defendant White House Black Market, Inc. is a wholly-owned subsidiary of Defendant Chico's FAS, Inc. Morganelli Decl. at ¶¶ 2, 5. Defendant White House Black Market, Inc.'s principal place of business is located at the same location as Defendant Chico's FAS, Inc.'s principal place of business *Id*.

16.   Defendants Chico's FAS, Inc. and White House Black Market, Inc.'s principal place of business is located at 11215 Metro Parkway, Fort Myers, Florida

33966. Morganelli Decl. at ¶¶ 2, 6. Further, Defendants' headquarters, as well as their books and records, are located in Fort Myers, Florida. *Id*. Defendant Chico's FAS, Inc.'s officers, including the president, chief executive officer, interim chief financial officer, corporate secretary, and treasurer, all work out of the Fort Myers, Florida corporate headquarters. *Id*. In addition to conducting executive meetings at the Fort Myers, Florida headquarters, Defendant Chico's FAS, Inc.'s officers perform their day-to-day job duties in Fort Myers, Florida, including controlling, directing, and coordinating Defendants' activities. *Id*. In fact, most of Defendants' executive and administrative functions, including compliance, human resources, and accounting are performed at its Fort Myers, Florida headquarters. *Id*. Accordingly, Defendants Chico's FAS, Inc. and White House Black Market, Inc. are not citizens of the State of California. Rather, Defendants Chico's FAS, Inc. and White House Black Market, Inc. are citizens of Florida. The information in this paragraph regarding the citizenship of Defendants is the citizenship that existed as of the date this action was filed in state court and through the date of removal. *Id*.

17.    **The Citizenship of "Doe Defendants" Must Be Disregarded**. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

18.    **Jurisdiction is Proper in this Court**. This Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), in that, Plaintiff is a citizen of California and Defendants are not citizens of California. Therefore, complete diversity among the parties exists now, and did so at the time of the filing of the Complaint on February 16, 2021.

### *PROPOSED CLASS SIZE*

19.    CAFA's requirement that proposed class members be no less than 100 under 28 U.S.C. § 1332(d)(5)(B) is satisfied where the alleged putative class has more than 100 members.

DEFENDANTS'
NOTICE OF REMOVAL OF CLASS ACTION
CASE NO. _____

20.     The Complaint defines the putative class as comprised of "all current and former, non-exempt employees who worked for Defendants within the State of California." *See* Complaint ¶ 2. Plaintiff defines the putative class period as the four years preceding the filing of the Complaint up to the present. *Id*. Plaintiff further defines the putative class as comprised of ten subclasses. *Id*. ¶ 3. Defendants assert that the putative class has more than 100 members. The actual number of non-exempt individuals who are or were employed by Defendants within the State of California between February 18, 2017 to March 15, 2021 is approximately 4,906 employees. Morganelli Decl. at ¶ 9(a).

### *AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION*

21.     The alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Defendants deny Plaintiff's claims in their entirety and assert that Plaintiff's claims are not amenable to class treatment, but provides the following analysis of potential damages based on Plaintiff's allegations and claims (without admitting liability) in order to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d). The Complaint seeks payment of allegedly unpaid regular and overtime wages, premium pay for missed meal and rest periods, failure to pay timely all earned wages and compensation, failure to pay all earned wages and compensation upon termination, failure to provide lawful wage statements, failure to indemnify, violation of California Wage Theft Prevention Act, and unfair business practices during the relevant putative class periods. As set forth below, the amount in controversy implicated by Plaintiff's class-wide allegations far exceeds $5 million dollars.

22.     When the amount in controversy is not readily apparent from a complaint, as is the case here because the Complaint contains no specific allegation as to the amount of damages alleged (s*ee*, generally, Complaint, Exhibit 1), "the court may consider facts in the removal petition" to determine the potential damages at

issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Where the complaint is silent, a defendant need only satisfy the amount in controversy by a preponderance of the evidence. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977, 981-82 (9th Cir.2013) (overruling defendant's burden to establish the amount in controversy by a "legal certainty" standard articulated in *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 999 (9th Cir. 2007) and holding that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard); *see also* 28 U.S.C. § 1446(c)(2)(B); *Guglielmino v. McKee Foods*, 506 F.3d 696, 701 (9th Cir.2007). Thus, Defendants in this case are only required to establish that it is more likely than not that the amount in controversy exceeds $5,000,000.

23.     Statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met"). The Court should also include requests for attorneys' fees in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

24.     An initial review of Defendants' records shows that during the proposed class period from February 18, 2017 to March 15, 2021, Defendants employed approximately 4,906 non-exempt employees in California who would qualify as putative class members based on Plaintiff's proposed class definition. Morganelli Decl. at ¶ 9(a). The approximate average hourly rate of pay for those non-exempt putative class members over the course of the putative class period is approximately $14.43 per hour. *Id.* at ¶ 9(b). During that same statutory time period, these non-exempt putative class members worked approximately 305,400 workweeks, which

consists of 64,333 workweeks for full-time non-exempt employees and 241,067 workweeks for part-time non-exempt employees. Morganelli Decl. at ¶ 9(e).

25.     **Alleged Failure to Pay Regular Wages**: Plaintiff alleges in her first cause of action that Defendants unlawfully failed to pay compensation for all hours worked by Plaintiff and the putative class at their regular rate of pay, and that Plaintiff and the putative class worked "off the clock" to complete their job duties. *See* Complaint, Exhibit 1, at ¶¶ 71-72. However, Plaintiff does not specify the number of alleged uncompensated hours worked by Plaintiff and/or the putative class. *See* Complaint, Exhibit 1. Thus, assuming the alleged part-time, non-exempt putative class members were not paid for 15 minutes of work during each workweek, Plaintiff alleges at least **$761,169.05** for this claim (241,067 workweeks x $12.63 x 0.25 = **$761,169.05.**).

26.     **Alleged Failure to Pay Overtime Wages**: Plaintiff alleges in her second cause of action that Plaintiff and the putative class worked in excess of eight hours per day, forty hours per week, and/or the first eight hours of work on a seventh consecutive day, as well as in excess of twelve hours per day or in excess of eight hours on the seventh consecutive day of work, without being paid the required overtime wages. *See* Complaint, Exhibit 1, at ¶¶ 81-82. Assuming that Plaintiff and the full-time non-exempt putative class members were not paid for 15 minutes of overtime pay for each workweek, Plaintiff alleges at least **$529,299.76** for this claim (64,333 workweeks x $21.94 x 0.25 x 1.5 = $529,299.76.)

27.     **Alleged Missed Meal and Rest Break Premiums**: Plaintiff's third and fourth causes of action are premised on Defendants' alleged failure to provide Plaintiff and the putative class with the opportunity to take a paid rest period of at least 10 consecutive minutes and a meal period of at least 30 consecutive minutes during each day and week of each pay period within the applicable statutory period. *See* Complaint, Exhibit 1, at ¶¶ 90, 95. Assuming that Plaintiff and the putative class were not provided with the opportunity to take one rest period and one meal period

during each workweek, Plaintiff alleges at least **$8,813,844** for these claims (305,400 x 14.43 x 2 = $8,813,844.)

28. **Alleged Waiting Time Penalties**: Plaintiff alleges in her sixth cause of action that Defendants failed to timely pay Plaintiff and the putative class their earned wages and compensation at the time of discharge. *See* Complaint, Exhibit 1, at ¶¶ 101-102, 109. Labor Code section 203 provides for up to 30 days' wages as a "waiting time" penalty for employers who willfully fail to pay wages owed upon termination. Between the relevant statutory period, February 18, 2018 and March 15, 2021, approximately 2,916 employees ended their employment with Defendants, which consisted of 224 full-time and 2,692 part-time non-exempt employees. Morganelli Decl. at ¶ 9(a). The average final hourly rate of pay for full-time non-exempt putative class members over the course of the putative class period is approximately $21.94 per hour, and the average final hourly rate of pay for part-time non-exempt putative class members over the course of the putative class period is approximately $12.63 per hour. *Id.* at ¶¶ 9(c), 9(d). Assuming those former employees were not timely paid all wages and compensation due at the time of separation, Plaintiff alleges **$5,259,489.60** for these claims (224 x 8 hours/day x $21.94/hr. x 30 days = $1,179,494.40, plus 2,692 x 4 hours/day x $12.63/hr. x 30 days = $4,079,995.20.)

29. **Alleged Penalties Under Labor Code Section 226**: Plaintiff alleges in her seventh cause of action that Defendants failed to provide Plaintiff and the putative class with compliant itemized wage statements as required by Labor Code section 226, including but not limited to the following: failing to accurately report the total number of hours actually worked, failing to accurately record all earned overtime, and failing to list the applicable hourly rate in effect during the pay period and accurately record the corresponding number of hours worked at each hourly rate. *See* Complaint, Exhibit 1, at ¶ 120. Plaintiff seeks to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurred and one

hundred dollars per each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000. *Id*. at ¶ 121. For the relevant statutory period of February 18, 2020 to March 15, 2021, Defendants employed approximately 1,547 non-exempt employees, who were paid on a bi-weekly basis and worked approximately 33,419 pay periods. Morganelli Decl. at ¶ 9(f). Thus, Plaintiff alleges approximately **$3,264,550** for this claim (1,547 x $50 for the first wage statement pay period ($77,350) + 31,872 subsequent pay periods x $100 ($3,187,200) = $3,264,550.)

30.   **Alleged Unreimbursed Business Expenses**: Plaintiff alleges in her eighth cause of action that Defendants failed to reimburse Plaintiff and the putative class for necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties, including back-charging Plaintiff and the putative class for purportedly failed quality control assessments and any lost equipment. *See* Complaint, Exhibit 1, at ¶ 125. Plaintiff further alleged that Defendants failed to provide Plaintiff and the putative class with cellphone/mobile phones, which Plaintiff alleges was necessary to the performance of her job. *Id*. at ¶ 127. However, Plaintiff does not specify the amount of necessary business expenditures Defendants allegedly failed to reimburse Plaintiff and the putative class. *See* Complaint, Exhibit 1. Assuming Defendants did not reimburse Plaintiff and the putative class at a rate of $20 per month, Plaintiff alleges at least **$1,425,200** for this claim (305,400 x 7, divided by 30 x 20 = $1,425,200.)

31.   As the calculations above demonstrate, there is well over $5 million in controversy in this action based on Plaintiff's claims and allegations: $761,169.05 (regular wages) + $529,299.76 (overtime wages) + $8,813,844 (meal and rest break premiums) + $5,259,489.60 (waiting time penalties) + $3,264,550 (itemized wage statements) + $1,425,200 (business expenses) = **$20,053,552.41.**

32.   The amount in controversy is also satisfied without even addressing potential attorneys' fees, which are provided by statute and in the Ninth Circuit typically are 25% of any judgment in favor of the plaintiff. See *Altamirano v. Shaw*

*Industries, Inc.*, 2013 WL 2950600, at \*13 (N.D. Cal., June 14, 2013) (for CAFA amount in controversy, adding 25% of the amount in controversy on the claims for relief to account for attorneys' fees). Including potential attorneys' fees would increase the amount in controversy by an additional $5,013,388.10, totaling **$25,066,940.51** ($20,053,552.41 amount in controversy x 0.25 = $5,013,388.10.) Thus, CAFA's amount in controversy requirement is satisfied.

### VENUE

33.     In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Orange is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. 84(c) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### NOTICE OF REMOVAL

34.     This Notice of Removal shall be served promptly on Plaintiff's counsel of record and filed with the Clerk of the Superior Court of the State of California in and for the County of Orange.

35.     In compliance with 28 U.S.C. § 1446(a), attached hereto as Exhibits 1-6 are copies of Plaintiff's and the state-court papers served herein, including, including the Summons and Complaint.

Dated:  March 22, 2021          ORRICK, HERRINGTON & SUTCLIFFE LLP


By:_____*/S/ Julia C. Riechert*_____
JULIA C. RIECHERT
Attorneys for Defendants
WHITE HOUSE BLACK MARKET, INC.
and CHICO'S FAS, INC.

- 11 -

# EXHIBIT 1



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

CHICO'S FAS, INC.                                                      02/22/2021
Deidre Richardson VP – Legal
Chico's FAS, Inc.
11215 Metro Parkway
Fort Myers FL 33966

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2021-24

| 1. | **Entity Served:** | CHICO'S FAS, INC. |
|---|---|---|
| 2. | **Title of Action:** | Mercedes Haldy, Moes, et al. vs. White House Black Market, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint in Damages<br>Civil Case Cover Sheet<br>Alternative Dispute Resolution (ADR) Information |
| 4. | **Court/Agency:** | Orange County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 30-2021-01184247-CU-OE-CXC |
| 7. | **Case Type:** | Failure to Pay All Earned Wages |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 02/18/2021 |
| 10. | **Date to Client:** | Monday 02/22/2021 |
| 11. | **# Days When Answer Due: Answer Due Date:** | 30<br>Saturday 03/20/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Denis & Rasi, PC<br>Irvine, CA<br>714-242-4557 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

EXHIBIT 1, Page 12

Electronically Filed by Superior Court of California, County of Orange, 02/16/2021 05:25:15 PM.
30-2021-01184247-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WHITE HOUSE BLACK MARKET, INC., a Florida corporation; CHICO'S
FAS, INC., a Florida corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MERCEDES HALDY, MOES 1 through 1,000, individually, and on
behalf of all other similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>30-2021-01184247-CU-OE-CXC |
|---|---|

700 CIVIC CENTER DR. W
SANTA ANA CA 92701

Judge James J. Di Cesare

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul Denis, 38 Corporate Park, Irvine, California 92606 (714-242-4557)

| DATE:<br>*(Fecha)* 02/16/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secr* | *[signature]* Georgina Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Chico's Fas, Inc., a Florida corporation**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT 1, Page 13

Electronically Filed by Superior Court of California, County of Orange, 02/16/2021 05:25:15 PM.
30-2021-01184247-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

Paul Denis [SBN 279026]
Ethan Rasi [SBN 289848]
**DENIS & RASI, PC**
38 Corporate Park
Irvine, CA 92606
Telephone: (714) 242-4557
Facsimile: (213) 443-9601

Assigned for All Purposes

Judge James J. Di Cesare

C-16

Attorneys for Plaintiff,
MERCEDES HALDY, individually and on behalf of all other similarly
situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CIVIL COMPLEX CENTER

MERCEDES HALDY, MOES 1 through
1,000, individually, and on behalf of all
other similarly situated,

    Plaintiff,

vs.

WHITE HOUSE BLACK MARKET, INC.,
a Florida corporation; CHICO'S FAS, INC.,
a Florida corporation; and DOES 1 through
25, inclusive,

    Defendants.

[UNLIMITED CIVIL]

CASE NO.:  30-2021-01184247-CU-OE-CXC

**CLASS   ACTION   COMPLAINT   FOR
DAMAGES**

1. **FAILURE TO PAY ALL EARNED
   WAGES**
2. **FAILURE TO PAY ALL EARNED
   OVERTIME WAGES**
3. **FAILURE TO PERMIT PAID 10
   MINUTE REST PERIODS**
4. **FAILURE TO PROVIDE 30 MINUTE
   MEAL PERIODS**
5. **FAILURE TO TIMELY PAY ALL
   EARNED WAGES AND
   COMPENSATION**
6. **FAILURE TO PAY ALL EARNED
   WAGES AND COMPENSATION
   UPON TERMINATION**
7. **FAILURE TO PROVIDE LAWFUL
   WAGE STATEMENTS**
8. **FAILURE TO INDEMNIFY**
9. **VIOLATION OF CALIFORNIA
   WAGE THEFT PREVENTION ACT**
10. **UNFAIR BUSINESS PRACTICES**

-1-

**COMPLAINT**

Plaintiff and putative Class Representative, MERCEDES HALDY, individually and on behalf of all other similarly situated, and MOES 1 through 1,000 ("Plaintiff") allege:

## **PARTIES**

1.      Plaintiff and putative Class Representative, MERCEDES HALDY is an adult person who, at all times pertinent hereto, was domiciled in the State of California. She brings this action individually and on behalf of all similarly situated of Defendants, WHITE HOUSE BLACK MARKET, INC., a Florida corporation; CHICO'S FAS, INC., a Florida corporation; and Does 1 through 25, inclusive (hereinafter, collectively, "Defendants"), and on behalf of the general public.

2.      The similarly situated on whose behalf Plaintiff brings this action include, without limitation: all current and former, non-exempt employees who worked for Defendants in the State of California, at any time during the period of four years prior to the filing of the complaint in this action up to the present (the "Class"):

3.      The "Class" is comprised of the following Sub-Classes:

    a.   Unpaid Wage and Compensation Sub-Class: Those members of the Class who earned wages and compensation;

    b.   Overtime Subclass: Those members of the Class who worked in excess of 8 hours in a day, 40 hours in a work week, and/or worked on the 7th consecutive day of a work week;

    c.   Rest Period Sub-Class: Those members of the Class who worked in excess of 4 hours a day and/or in excess of 6 hours a day;

    d.   Meal Period Sub-Class: Those members of the Class who worked in excess of 5 hours a day and/or in excess of 10 hours a day;

    e.   Untimely Payment of Wages-Compensation Sub-Class: Those members of the Class who were paid wages and other compensation by Defendants;

    f.   Waiting Time Sub-Class: Those members of the Class who were terminated or quit from the employ of Defendants;

-2-

**COMPLAINT**

g.   Indemnification Sub-Class: Those members of the Class who incurred expenditures in the discharge of their duties to Defendants;

h.   Wage-Statement Sub-Class: Those members of the Class who received a Wage Statement from Defendants within one year prior to filing of this action, up to, and including, the present;

i.   Labor Code §2810.5 Notice Sub-Class: Those members of the Class;

j.   Unfair Business Practice Sub-Class: Those members of the Class.

4.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

5.     Plaintiff is informed, believes, and thereon alleges that Defendants were and are doing business and maintain minimum contacts in the County of Orange, as well as other counties in the State of California, during the Class Period.

6.     Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was the Plaintiff or any fellow member of the Class properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither they nor any fellow member of the Class spent more than one-half of their time working on managerial, administrative, or professional tasks during the Class Period.

7.     On behalf of the Class and the general public, Plaintiff seeks to enforce the public policy favoring compliance with labor and workplace safety and working condition standards expressed under, inter alia, Labor Code § 90.5, to wit: "It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards." Plaintiff alleges that the aforementioned conduct of Defendants violates an important right affecting the public interest, as such phrase is used in Code of Civil Procedure section 1021.5.

-3-

**COMPLAINT**

EXHIBIT 1, Page 16

8.      Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25 specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Order, against Plaintiff, and the Class, as set forth herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not have acted similarly under the circumstances.

9.      Plaintiff is ignorant of the true names and capacities of Defendant Does 1 through 25, inclusive, and, by reason thereof, sues said Defendants by their fictitious names. Plaintiff will amend this complaint to allege the true names and capacity of said Doe Defendants when same have been fully and finally ascertained.

## VENUE AND JURISDICTION

10.     Plaintiff is informed, believes, and thereon alleges that two-thirds (2/3) or more of the members of the proposed Class in the aggregate, at all times pertinent hereto, including, but not limited to, during the period of four years prior to the filing of the complaint in this action up to the present, have been, and continue to be, citizens of the forum state, California, the state in which this action was originally filed.

11.     Plaintiff is informed, believes, and thereon alleges that WHITE HOUSE BLACK MARKET, INC.; CHICO'S FAS, INC.; and Does 1 through 25, inclusive, are the only primary defendants in this action and, at all times pertinent hereto, were and are citizens of the forum state of California.

12.     Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25, inclusive, as alleged herein, forms a significant basis for the claims asserted by Plaintiff and her fellow members of the Class in this action.

13.     Plaintiff is informed, believes, and thereon alleges that Plaintiff and her fellow members of the Class are seeking significant relief from Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25, inclusive.

-4-

**COMPLAINT**

14.     Plaintiff is informed, believes, and thereon alleges that the principal injuries sustained by Plaintiff and her fellow members of the Class, as alleges herein, resulted from the conduct of Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25, inclusive, and were incurred in the forum state - California.

15.     Plaintiff is informed, believes, and thereon alleges that the claims asserted in this action do not involve matters of national or interstate interest; rather, this Class action and representative action involve a local controversy of the forum state - California.

16.     Plaintiff is informed, believes, and thereon alleges that the claims asserted is this action will be governed exclusively by the laws of the forum state - California – the state in which this action was originally filed.

17.     Plaintiff is informed, believes, and thereon alleges that this action is brought in the Orange County Superior Court for the State of California as said forum has a distinct nexus with Plaintiff and her fellow members of the Class, the harm alleged, as well as Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25.

18.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, the number of citizens from the forum state of California, the state in which the action was originally filed, comprising the proposed Class in the aggregate, is substantially larger than the number of citizens from any other state, and the citizenship of the other members of the Class is dispersed among a substantial number of states.

19.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, that the claims alleged in this action, and the causes of action derived therefrom, do not involve a federal question(s).

20.     At times pertinent hereto, Plaintiff and her fellow members of the Class, as employees of Defendants, performed work, and Defendants' liability arose, in the County of Orange, State of California.

21.     Venue is appropriate in Orange County in that venue in a failure to pay wages claim against a corporate employer is proper in the location where the work was performed. (*Owens v. Paraco, Inc.* (1958) 160 Cal.App.2d 824). Defendants' liability arose in Orange, and

-5-

1   other counties throughout California, where they committed violations of applicable provisions of

2   the California Business and Professions Code, California Labor Code, and applicable Industrial

3   Welfare Commission Wage Orders, as detailed herein.

4                                              **JOINT EMPLOYER**

5           22.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned

6   herein, the named Defendants, Does 1 through 25, and each of them, were acting as the agent

7   and/or employee of each remaining defendant, and were acting within the course and scope of

8   said principal-agency and/or employment relationship, and directed, authorized and/or ratified the

9   conduct set forth in detail herein.  Plaintiff is informed, believes, and thereon alleges that each of

10  the fictitiously named Defendants is responsible in some manner for the occurrences herein

11  alleges and that Plaintiff and her fellow members of the Class' damages, as herein alleges, were

12  proximately caused by such Defendants, and each of them.

13          23.     Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1

14  through 25, inclusive, were, at all times pertinent hereto, joint employers of the named Plaintiff,

15  and other members of the Class, as they exercised joint control over and/or right to assign, place

16  and/or supervise the Class members' work or working conditions, maintained joint authority to

17  hire and fire employees, supervised and controlled employee work schedules and employment

18  conditions, determined rate and method of payment, and/or jointly maintained employment

19  records.

20          24.     Plaintiff is informed, believes, and thereon alleges that at all times relative hereto,

21  Plaintiff and her fellow Class members performed work that simultaneously benefitted

22  Defendants and Does 1 through 25, inclusive.

23          25.     Plaintiff is informed, believes, and thereon alleges that at all times pertinent hereto,

24  there existed an arrangement between Defendants and Does 1 through 25, inclusive, to share the

25  employee's services, and each Defendant acted, either directly or indirectly, in the interest of their

26  fellow Defendants in relation to the employment of Plaintiff and her fellow Class members.

27  ///

28  ///

-6-

**COMPLAINT**

EXHIBIT 1, Page 19

**ALTER EGO – AGENCY ALLEGATIONS**

26.     Plaintiff is informed, believes, and thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants and Does 1 through 25, inclusive, on the one hand, and on the other hand, such that any corporate individuality and separateness between said parties have ceased and that Defendants are the alter ego of each other and Does 1 through 25, inclusive, in that the businesses of Does 1 through 25, inclusive, are so completely dominated, controlled, managed, and operated by Defendants that Does 1 through 25, inclusive, function as a mere instrumentalities through which Defendants conduct their business.

27.     Plaintiff is informed, believes, and thereon alleges that adherence to the fiction of the existence of Does 1 through 25, as entities separate and distinct from Defendants, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that Plaintiff could be denied a full recovery in the event that the assets of Does 1 through 25 are insufficient to satisfy a judgment entered against them in this action. The corporate veil established Does 1 through 25, should be pierced and the alter ego doctrine applied in the context of this action.

28.     Plaintiff is informed, believes, and thereon alleges that Defendant Does 15 through 25 are individuals, directors, officers and shareholders of Defendants and Does 1 through 25, who influence and govern Defendants and Does 1 through 25, and/or were actors in the course of conduct constituting the abuse of the corporate privilege, treating Defendants and Does 1 through 25, as their alter ego, rather than as a separate entity, failing, inter alia, to contribute capital, issue stock, or otherwise complete formation of the corporation, use corporate assets as their own, commingle corporate funds with their personal funds, and/or failing to observe corporate formalities. Further, Defendants, and Does 15 through 25, utilized Defendants Does 1 through 25, to circumvent the applicable provisions, and frustrate the statutory policies, of the California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Orders, as set forth herein.

-7-

29.     Plaintiff is informed, believes, and thereon alleges that it would sanction a fraud or promote an injustice to uphold the corporate entities of Defendants and Does 1 through 25, and allow the shareholders of Defendants and Does 15 through 25, to escape personal liability for his/her/their debts to Plaintiff and her fellow members of the Class.

30.     Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25, specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Orders, against Plaintiff and her fellow members of the Class, as set forth herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not have acted similarly under the circumstances.

## APPLICABLE WAGE AND HOUR STANDARDS

31.     At all times pertinent hereto, pursuant to California law, including, but not limited to, Labor Code § 1197-1198, it was unlawful to pay less than the wage established by law or to employ persons in excess of the hours fixed by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the Industrial Wage Commission Wage Orders codified at 8 Cal. Code Reg., Division 1 (the "IWC Wage Orders").

32.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 510 and the IWC Wage Orders which apply to Plaintiff and her fellow members of the Class' employment with Defendants, provided for payment of a minimum wage regardless of the number of hours worked; plus one and one half (1 ½ ) times each employee's regular rate of pay for all work over eight (8) hours in any workday, forty (40) hours in any workweek, or any work performed on the seventh day of any workweek; plus double the employee's regular rate of pay for work over 12 hours in a work day or over eight hours on the seventh day of any workweek.

33.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 1194.3, which applies to Plaintiff and her fellow members of the Class' employment with Defendants, provided, "An employee may recover attorney's fees and costs incurred to enforce a court judgment for unpaid wages due pursuant to this code."

-8-
**COMPLAINT**

34.     At all times pertinent hereto, 8 Cal. Code Reg. ("CCR") section 11070 (Industrial Welfare Commission, Industry and Occupation Orders, Wage Order (the "Wage Order"), which applies to Plaintiff and her fellow members of the Class' employment with Defendants, required that each non-exempt employee working at least 3.5 hours must be given a paid rest period of not less than ten consecutive minutes, uninterrupted, where the employee is relieved of all duties; and a second rest period of not less than ten consecutive minutes be given to each non-exempt employee working at least six hours in any given workday.

35.     At all times pertinent hereto, the Wage Order and Labor Code § 226.7, provided that each non-exempt employee who was not permitted to take a valid rest period mandated thereunder must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which a valid rest period was not provided.

36.     At all times pertinent hereto, the Wage Order required that each employee working at least five hours must be given a paid or unpaid meal period of not less than thirty consecutive minutes, uninterrupted, where the employee is relieved of all job duties; and that a second meal period of not less than thirty consecutive minutes, uninterrupted, be given to each employee working at least ten hours in any given workday. Further, unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

37.     At all times pertinent hereto, the Wage Order and Labor Code § 226.7, provided that each employee who was not permitted to take a meal period mandated thereunder must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which a valid meal period was not provided.

38.     At all times pertinent hereto, Labor Code § 200 defined "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

-9-

39.     At all times pertinent hereto, Labor Code § 204 provided that all wages, other than those mentioned in Labor Code §§ 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

40.     At all times pertinent hereto, Labor Code § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

41.     At all times pertinent hereto, Labor Code § 202 provided that if an employee not having a written contract for a definite period quits their employment, their wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

42.     At all times pertinent hereto, Labor Code § 203 provided that an employer who willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

43.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 226, required Defendants, "at the time of each payment of wages, furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, . . .(4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

-10-
**COMPLAINT**

1   which the employee is paid, (7) the name of the employee and their social security number, (8)

2   the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in

3   effect during the pay period and the corresponding number of hours worked at each hourly rate by

4   the employee."

5       44.     At all times pertinent hereto, California law, including, Labor Code § 2810.5,

6   provided in pertinent part: "(a) (1) At the time of hiring, an employer shall provide to each

7   employee a written notice, in the language the employer normally uses to communicate

8   employment-related information to the employee, containing the following information: (A) The

9   rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

10  commission, or otherwise, including any rates for overtime, as applicable. (B) Allowances, if any,

11  claimed as part of the minimum wage, including meal or lodging allowances. (C) The regular

12  payday designated by the employer in accordance with the requirements of this code. (D) The

13  name of the employer, including any "doing business as" names used by the employer. (E) The

14  physical address of the employer's main office or principal place of business, and a mailing

15  address, if different. (F) The telephone number of the employer. (G) The name, address, and

16  telephone number of the employer's workers' compensation insurance carrier. (H) That an

17  employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave;

18  may not be terminated or retaliated against for using or requesting the use of accrued paid sick

19  leave; and has the right to file a complaint against an employer who retaliates. (I) Any other

20  information the Labor Commissioner deems material and necessary....(3) If the employer is a

21  temporary services employer, as defined in Section 201.3, the notice described in paragraph (1)

22  must also include the name, the physical address of the main office, the mailing address if

23  different from the physical address of the main office, and the telephone number of the legal

24  entity for whom the employee will perform work, and any other information the Labor

25  Commissioner deems material and necessary. ...(b) An employer shall notify his or her

26  employees in writing of any changes to the information set forth in the notice within seven

27  calendar days after the time of the changes, unless one of the following applies: (1) All changes

28

1   are reflected on a timely wage statement furnished in accordance with Section 226. (2) Notice of

2   all changes is provided in another writing required by law within seven days of the changes...."

3          45.     Plaintiff, individually and on behalf of all other similarly situated, seeks recovery

4   of wages, restitution, as well as penalties for each day to which they and fellow members of the

5   Class, were subject to the unlawful conduct of Defendants, to wit: denied wages; not

6   compensated for all hours worked; underpaid for actual hours of work; not compensated at the

7   proper rate for hours worked; not paid all earned overtime; not permitted valid ten (10)

8   consecutive minute, uninterrupted rest periods, relieved of all job duties; were not provided valid

9   thirty (30) consecutive minute, uninterrupted meal periods, relieved of all job duties; not timely

10  paid all earned wages and compensation; not indemnified for all work-related expenses and/or not

11  reimbursed for all mandated tools and equipment necessary for the job; were provided inaccurate

12  and incomplete wage statements; not paid all wages earned at the time of the termination of their

13  employment relationship with Defendants; were not provided a valid written notice compliant

14  with Labor Code 2810.5; at any time after January 1, 2016, failing to separately document the

15  time associated with earned rest periods and/or other nonproductive time, as well as the

16  corresponding compensation associated therewith, on Plaintiff and their fellow members of the

17  Class' respective wage statements; and/or failing to pay the statutorily prescribed wages for rest

18  and recovery periods and non-production time.

19         46.     Plaintiff, individually and on behalf of all other similarly situated members of the

20  Class, also seeks remedies for unfair competition and unlawful, unfair, or fraudulent business

21  practices, which deprived Plaintiff and her fellow members of the Class of their proper wages,

22  compensation, and benefits in a calculated effort to illegally reduce payroll costs and increase

23  Defendants' profits.

24         47.     At all times pertinent hereto, California Business and Professions Code §17200

25  provided in pertinent part: "As used in this chapter, unfair competition shall mean and include

26  any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

27  misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of

28  Part 3 of Division 7 of the Business and Professions Code."

-12-

**COMPLAINT**

48.     At all times pertinent hereto, California Business and Professions Code §17201 provided in pertinent part: "As used in this chapter, the term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons."

49.     At all times pertinent hereto, California Business and Professions Code §17202 provided in pertinent part: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

50.     At all times pertinent hereto, California Business and Professions Code §17203 provided in pertinent part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure..."

51.     At all times pertinent hereto, California Business and Professions Code §17205 provided in pertinent part: "Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state."

52.     In response to the COVID-19 pandemic, and pursuant to Judicial Council of California's adoption of California Rules of Court Emergency Rule 9, the statute of limitations for the claims alleged in the instant complaint were tolled from April 6, 2020 to October 1, 2020.

///

///

///

COMPLAINT

## CLASS ALLEGATIONS

53.     The Class consists of all current and former, non-exempt employees who worked as licensed vocational nurses for Defendants in the State of California, at any time during the period of four years prior to the filing of the complaint in this action up to the present (the "Class").

54.     The "Class" is comprised of the following Sub-Classes:

(a) <u>Unpaid Wage and Compensation Sub-Class</u>: Those members of the Class who earned wages and compensation;

(b) <u>Overtime Subclass</u>: Those members of the Class who worked in excess of 8 hours in a day, 40 hours in a work week, and/or worked on the 7th consecutive day of a work week;

(c) <u>Rest Period Sub-Class</u>: Those members of the Class who worked in excess of 4 hours a day and/or in excess of 6 hours a day;

(d) <u>Meal Period Sub-Class</u>: Those members of the Class who worked in excess of 5 hours a day and/or in excess of 10 hours a day;

(e) <u>Untimely Payment of Wages-Compensation Sub-Class</u>: Those members of the Class who were paid wages and other compensation by Defendants;

(f) <u>Waiting Time Sub-Class</u>: Those members of the Class who were terminated or quit from the employ of Defendants;

(g) <u>Indemnification Sub-Class</u>: Those members of the Class who incurred expenditures in the discharge of their duties to Defendants;

(h) <u>Wage-Statement Sub-Class</u>: Those members of the Class who received a Wage Statement from Defendants within one year prior to filing of this action, up to, and including, the present;

(i) <u>Labor Code §2810.5 Notice Sub-Class</u>: The members of the Class; and

(j) <u>Unfair Business Practice Sub-Class</u>: The members of the Class.

55.     Plaintiff reserves the right pursuant to California Rules of Court Rule 3.765, to amend or modify the respective definitions of the Class and/or Sub-Classes to provide greater specificity and/or further division into subclasses or limitation to particular issues.

-14-

56.     Plaintiff and putative Class Representative, MERCEDES HALDY, were employed with Defendants during the proposed class period, as a member of the non-exempt employees comprising the Class.

57.     Plaintiff is informed, believes, and thereon alleges that Defendants have consistently maintained and enforced against Plaintiff and her fellow members of the Class the following unlawful practices and policies: willfully refusing to pay Plaintiff and her fellow members of the Class all of their earned wages and compensation, including minimum, regular and overtime wages; requiring Plaintiff and her fellow members of the Class to work "off the clock" to complete their job duties; not permitting Plaintiff and her fellow members of the Class to take all of their statutorily entitled rest periods; not providing Plaintiff and her fellow members of the Class the opportunity to take all of their statutorily entitled meal periods; failing to pay Plaintiff and her fellow members of the Class one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; not timely paying Plaintiff and her fellow members of the Class all of their earned wages and compensation; not indemnifying Plaintiff and her fellow members of the Class for all work related expenses, tools and equipment; failing to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7 compliant wage statements; not timely paying Plaintiff and her fellow members of the Class all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting; not providing Plaintiff and her fellow members of the Class a written notice in accordance with Labor Code § 2810.5; and/or failing to pay the statutorily prescribed wages for rest and recovery periods.

58.     Plaintiff is informed, believes, and thereon alleges that the number of members of the Class number less than one hundred (100). Further, the Class is so numerous that joinder of all members individually would be impractical.

59.     Plaintiff is informed, believes, and thereon alleges that all members of the Class are similarly situated in that, throughout their employment, they were subject to Defendants' uniform policies and practices whereby Defendants regularly and systematically violated

-15-

1  California labor law, including: willfully refused to pay Plaintiff and her fellow members of the

2  Class all of their earned wages and compensation, including minimum, regular and overtime

3  wages; required Plaintiff and her fellow members of the Class to work "off the clock" to complete

4  their job duties; did not permit Plaintiff and her fellow members of the Class to take all of their

5  statutorily entitled rest periods; did not provide Plaintiff and her fellow members of the Class the

6  opportunity to take all of their statutorily entitled meal periods; failed to pay Plaintiff and her

7  fellow members of the Class one hour of compensation at their regular rate of pay, for each

8  earned rest period not permitted and/or each earned meal period not provided; failed to timely pay

9  Plaintiff and her fellow members of the Class all of their earned wages and compensation; failed

10 to indemnify Plaintiff and her fellow members of the Class for all work related expenses, tools

11 and equipment; failed to furnish to Plaintiff and her fellow members of the Class accurate Labor

12 Code § 226.7 compliant wage statements; failed to timely pay Plaintiff and her fellow members

13 of the Class all of their earned wages, compensation and benefits immediately at the termination

14 of their employment or within seventy-two hours of them quitting; and/or failed to provide

15 Plaintiff and her fellow members of the Class a written notice in accordance with Labor Code §

16 2810.5.

17       60.      Plaintiff is informed, believes, and thereon alleges that Defendants' uniform

18 policies and practices, whereby Defendants regularly and systematically violated California labor

19 law, as described in detail in this Complaint, have affected each member of the Class, including

20 Plaintiff, in a similar fashion.

21       61.      Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful

22 employment policies and practices, raise questions of fact common to the members of the Class,

23 including, whether Defendants: refused to pay Plaintiff and her fellow members of the Class all of

24 their earned wages and compensation, including minimum, regular and overtime wages; required

25 Plaintiff and her fellow members of the Class to work "off the clock" to complete their job duties;

26 did not permit Plaintiff and her fellow members of the Class to take all of their statutorily entitled

27 rest periods; did not provide Plaintiff and her fellow members of the Class the opportunity to take

28 all of their statutorily entitled meal periods; failed to pay Plaintiff and her fellow members of the

-16-

**COMPLAINT**

1   Class one hour of compensation at their regular rate of pay, for each earned rest period not

2   permitted and/or each earned meal period not provided; failed to timely pay Plaintiff and her

3   fellow members of the Class all of their earned wages and compensation; failed to indemnify

4   Plaintiff and her fellow members of the Class for all work related expenses, tools and equipment;

5   failed to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7

6   compliant wage statements; failed to timely pay Plaintiff and her fellow members of the Class all

7   of their earned wages, compensation and benefits immediately at the termination of their

8   employment or within seventy-two hours of them quitting; and/or failed to provide Plaintiff and

9   her fellow members of the Class a written notice in accordance with Labor Code § 2810.5.

10          62.     Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful

11   employment policies and practices, raise numerous questions of law common to the members of

12   the Class, including, without limitation: (i) whether the provisions of the Labor Code and 8 CCR

13   § 11050 include the employer's obligation to pay all earned wages and to pay all such earned

14   wages at the time of the termination of a member of the Class' employment; (ii) Defendants'

15   legal obligation to permit members of the Class to take paid rest periods of ten (10) consecutive,

16   uninterrupted minutes for shifts in excess of four hours and a second rest period for shifts in

17   excess of six hours; (iii) Defendants' legal obligation to provide members of the Class the

18   opportunity to take meal periods of thirty (30) consecutive, uninterrupted minutes for shifts in

19   excess of five hours and a second meal period for shifts in excess of ten hours; (iv) whether

20   Defendants' obligation to provide Labor Code § 226 compliant wage statements to the members

21   of the Class are applicable to non-exempt employees such as the Plaintiff and her fellow members

22   of the Class; (v) Defendants' obligation to provide Plaintiff and her fellow members of the Class

23   written notice in accordance with Labor Code § 2810.5; (vi) what tools and equipment were

24   mandated by Defendants and necessary for the work to be performed; (vii) Defendants' obligation

25   to reimburse Plaintiff and her fellow members of the Class for work-related expenses; (viii) what

26   remedies, including restitution, compensatory damages, punitive damages, statutory and civil

27   penalties, additional wages and disgorgement of revenue, are available under California law to

28   members of the Class who: were not paid all earned wages, compensation and benefits; were not

-17-

1  timely paid all earned minimum, regular, overtime, compensation and benefits; were not paid all

2  wages earned at the time of the termination of their employment relationship with Defendants;

3  were not provided lawful wage statements; were not permitted to take earned ten (10) minute rest

4  periods; and/or were not provided earned thirty (30) minute meal periods; were not provided

5  written notice in accordance with Labor Code § 2810.5; were not reimbursed for work related

6  expense and/or mandated tools and equipment necessary for the job; (ix) the Class members'

7  entitlement to take a paid ten consecutive minute, uninterrupted, rest period for shifts worked in

8  excess of 3.5 (3.5) hours and a second rest period of not less than ten consecutive minutes,

9  uninterrupted, for shifts worked of at least six (6) hours in a given workday; (x) the Class

10  members' entitlement to take a thirty consecutive minute, uninterrupted, meal period for shifts

11  worked in excess of five (5) hours and a second meal period of not less than thirty consecutive

12  minutes, uninterrupted, for shifts worked of at least ten (10) hours in a given workday; (xi) the

13  Class members' entitlement to one hour of pay at the members' regular rate of pay for each paid

14  ten (10) consecutive minute, uninterrupted, rest period that Defendants did not permit the Class

15  members to take; (xii) the Class members' entitlement to one hour of pay at the members' regular

16  rate of pay for each thirty (30) consecutive minute, uninterrupted, meal period that Defendants

17  did not provide the Class members to take; (xiii) the requirements for a wage statement to be

18  compliant with Labor Code § 226; (xiv) the requirements for a written notice to be compliant

19  with Labor Code § 2810.5; (xv) whether Plaintiff and her fellow members of the Class are exempt

20  from the provisions of the Wage Order applicable to their employment with Defendants.

21      63.    Plaintiff is informed, believes, and thereon alleges that the claims of Plaintiff are

22  typical of the claims of the Class because: they encompass the same unlawful policies and

23  practices of Defendants; they arise out of the same alleges course of conduct by Defendants; are

24  based upon the same legal theories as the claims of the Class; and the legal issues raised under the

25  California state laws as a result of Defendants' conduct apply equally to Plaintiff and her fellow

26  members of the Class.

27      64.    Plaintiff has no conflicts of interest with their fellow members of the Class and

28  will be able to fairly and adequately protect the interests of all members of the Class.

-18-

65.     Plaintiff is informed, believes, and thereon alleges that Paul J. Denis and Ethan E. Rasi, of the Denis & Rasi, PC, are able to adequately represent the Class, as class counsel, with respect to the claims advanced in this action.

66.     The prosecution of separate actions by or against individual members of the Class would create a risk of substantial prejudice because separate actions could result in the imposition of incompatible standards of conduct on the party opposing class certification through inconsistent judgments or varying adjudications.  Further, adjudication with respect to individual members of the Class could, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudication and/or could substantially impair or impede their ability to protect their interests.

67.     Plaintiff is informed, believes, and thereon alleges that Defendants have acted and refused to act on grounds generally applicable to all or substantially all of the members of the Class.

68.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy in that members of the Class have little or no interest in individually controlling the prosecution of separate actions; Plaintiff is aware of no other litigation concerning the controversy already commenced by members of the Class; it is desirable to concentrate the litigation of the claims in this court because substantially all of Plaintiff's employment activities for which their claims arise took place within the venue of the above-entitled court and Defendants otherwise conduct business in this jurisdiction; and the action is manageable as a class action because, compared with any other method, such as consolidation of individual actions, a class action is fairer and more efficient, and avoids the potential for inconsistent findings of fact and/or application of law.  Furthermore, a class action would maximize judicial efficiency and minimize the inconvenience to both party and non-party witnesses who would otherwise have to testify in a multitude of proceedings.

///

///

-19-

**COMPLAINT**

1

**FIRST CAUSE OF ACTION**

2

**(FAILURE TO PAY ALL EARNED WAGES)**

3

**(Against All Defendants)**

4      69.     Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

5   alleged in this complaint, as though fully set forth herein.

6      70.     Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiff and

7   members of the Class were not exempt managerial, administrative, or professional employees.

8      71.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully

9   failed to pay Plaintiff and their similarly situated members of the Class for all the time worked as

10   a result of Defendants' labor policies and practices, including, but not limited to: willfully refused

11   to pay Plaintiff and her fellow members of the Class all of their earned wages and compensation,

12   including minimum, regular and overtime wages; required Plaintiff and her fellow members of

13   the Class to work "off the clock" to complete their job duties; did not permit Plaintiff and her

14   fellow members of the Class to take all of their statutorily entitled rest periods; did not provide

15   Plaintiff and her fellow members of the Class the opportunity to take all of their statutorily

16   entitled meal periods; failed to pay Plaintiff and her fellow members of the Class one hour of

17   compensation at their regular rate of pay, for each earned rest period not permitted and/or each

18   earned meal period not provided; failed to timely pay Plaintiff and her fellow members of the

19   Class all of their earned wages and compensation; failed to indemnify Plaintiff and her fellow

20   members of the Class for all work related expenses, tools and equipment; failed to furnish to

21   Plaintiff and her fellow members of the Class accurate Labor Code § 226.7 compliant wage

22   statements; failed to timely pay Plaintiff and her fellow members of the Class all of their earned

23   wages, compensation and benefits immediately at the termination of their employment or within

24   seventy-two hours of them quitting; and/or failed to provide Plaintiff and her fellow members of

25   the Class a written notice in accordance with Labor Code § 2810.5.

26      72.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully

27   failed and refused and continue to fail and refuse to pay compensation for all hours worked by

28   Plaintiff and her fellow members of the Class at their regular rate of pay.

-20-

**COMPLAINT**

73.     As a result of Defendants' conduct, Plaintiff and her fellow members of the Class are entitled to a recovery of damages for all unpaid wages at the proper rates of pay as restitution from Defendants.

74.     At all times pertinent hereto, California Labor Code § 1194 provided, in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

75.     At all times pertinent hereto, California Labor Code § 1194.2 provided, in pertinent part: "(a) In any action under Section 98,1193.6, or 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

76.     At all times pertinent hereto, Labor Code § 1194.3 provided for the recovery of attorney's fees and costs in any action brought to recover the nonpayment of minimum wages.

77.     Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of the Class of monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including those which carry criminal penalties for noncompliance.

## SECOND CAUSE OF ACTION

### (FAILURE TO PAY ALL EARNED OVERTIME WAGES)

### (Against All Defendants)

78.     Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

-21-

**COMPLAINT**

79.     Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiff and her fellow members of the Class were not exempt managerial, administrative, or professional employees.

80.     Plaintiff is informed, believes, and thereon alleges that for each day and week within the applicable limitations period, during the course of their employment with Defendants, Plaintiff and her fellow members of the Class performed work without being paid the required overtime wage under California law, including, but not limited to, the Wage Order and Labor Code § 1182.12.

81.     Plaintiff is informed, believes, and thereon alleges that for each day and week within the applicable limitations period, during the course of their employment with Defendants, Plaintiff and her fellow members of the Class performed work in excess of eight hours per day, forty hours per week, and/or the first eight hours of work on a seventh consecutive day as well as double their regular rate of pay for work in excess of twelve hours per day or in excess of eight hours on the seventh consecutive day of work, without being paid the required overtime wages under California law, including, but not limited to, the Wage Order and Labor Code §§ 510, 512.

82.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed, refused and continue to fail and refuse to pay Plaintiff and her fellow members of the Class one and one-half times their regular rate of pay for hours worked in excess of 8 hours in a given day, 40 hours in a given seven day period, in addition to the first 8 hours of the seventh consecutive day of work; as well as double their regular rate of pay for work in excess of twelve hours per day, or in excess of eight hours on the seventh consecutive day of work.

83.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully altered timecards and payroll records by artificially and excessively deducting, and/or not accurately recording time from the hours worked by Plaintiff and her fellow members of the Class despite the fact that they continued to work during said period so deducted and/or not recorded. Said unlawful reductions substantially reduced the earned hours worked for which Plaintiff and members of the Class received their minimum wage and/or improperly changed payment of hours

-22-

**COMPLAINT**

1  that should have been compensated at an overtime rate to wages calculated at their regular rate of

2  pay.

3    84.    As a result of Defendants' conduct, Plaintiff and her fellow members of the Class

4  are entitled to a recovery of damages for all unpaid overtime wages at the proper rates of pay as

5  restitution from Defendants.

6    85.    At all times pertinent hereto, California Labor Code § 1194 provided:

7  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the

8  legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

9  recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

10  compensation, including interest thereon, reasonable attorney's fees, and costs of suit".

11    86.    At all times pertinent hereto, Labor Code § 1194.3 provided for the recovery of

12  attorney's fees and costs in any action brought to recover the nonpayment of minimum or

13  overtime wages.

14    87.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of

15  them, by and through their respective corporate officers, directors, and managing agents, ordered,

16  authorized, approved, or ratified the conduct herein alleges with the intent to deprive Plaintiff and

17  her fellow members of the Class of the minimum and overtime wages to which they were entitled

18  under California law so as to increase Defendants' profits, notwithstanding their statutory

19  obligations, including those which carry criminal penalties for noncompliance.

20  ### THIRD CAUSE OF ACTION

21  **(FAILURE TO PERMIT PAID 10 MINUTE REST PERIODS)**

22  **(Against All Defendants)**

23    88.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

24  alleged in this complaint, as though fully set forth herein.

25    89.    Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was

26  Plaintiff or any fellow member of the Class properly classified as an exempt managerial,

27  administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that

28

-23-

**COMPLAINT**

1    neither they nor any fellow member of the Class spent more than one-half of their time working

2    on managerial, administrative, or professional tasks during the relevant time periods.

3          90.     Plaintiff is informed, believes, and thereon alleges that Defendants have

4    consistently and continuously promulgated and enforced policies and practices, each day and

5    week of each pay period within the applicable limitations period, under which Plaintiff and her

6    fellow members of the Class regularly worked shifts in excess of four hours without being

7    permitted the opportunity to take a paid rest period of at least ten (10) consecutive minutes,

8    uninterrupted, relieved of all job duties, and worked more than six (6) hours at a time without

9    being allowed a second paid ten (10) consecutive minute, uninterrupted, rest period, relieved of

10   all job duties.

11         91.     Plaintiff is informed, believes, and thereon alleges that no member of the Class has

12   ever been paid their earned compensation for work performed by members of the Class during the

13   rest period to which they were entitled, yet not provided the opportunity to take, as well as

14   additional monies required under Labor Code § 226.7. Instead, Defendants have unlawfully failed

15   and refused and continue to fail and refuse to pay monies to Plaintiff and her fellow members of

16   the Class for labor performed during the rest periods which Defendants refused to permit Plaintiff

17   and her fellow members of the Class opportunity to take.

18         92.     Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

19   their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

20   and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow

21   members of the Class of the monies to which they were and are entitled under California law, so

22   as to increase Defendants' profits, notwithstanding clear statutory obligations, including

23   obligations which carry criminal penalties for noncompliance.

## FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE 30 MINUTE MEAL PERIODS)

### (Against All Defendants)

27         93.     Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

28   alleged in this complaint, as though fully set forth herein.

-24-

**COMPLAINT**

94.     Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was the Plaintiff or any fellow member of the Class properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither Plaintiff nor fellow members of the Class member spent more than one-half of their time working on managerial, administrative, or professional tasks during the Class Period.

95.     Plaintiff is informed, believes, and thereon alleges that during each day and week of each pay period within the applicable limitations period, Defendants have consistently and continuously promulgated and enforced policies and practices under which the Plaintiff and her fellow members of the Class regularly worked more than five (5) hours at a time without being permitted the opportunity to take a meal period of at least thirty (30) consecutive minutes, uninterrupted, relieved of all job duties, and worked more than ten (10) hours at a time without being allowed a second thirty (30) consecutive minute, uninterrupted, meal period, relieved of all job duties.

96.     The nature of the work performed by Plaintiff and her fellow members of the Class did not prevent them from being relieved of all job duties.

97.     Plaintiff is informed, believes, and thereon alleges that neither Plaintiff nor fellow members of the Class have ever been paid their earned compensation for work they performed during the meal period to which they were entitled, yet not provided the opportunity to take, as well as additional monies required under Labor Code § 226.7. Instead, Defendants unlawfully failed, refused and continue to fail and refuse to pay monies to Plaintiff and the Class for labor performed during the meal periods which Defendants refused to provide Plaintiff and her fellow members of the Class the opportunity to take.

98.     Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of the Class of monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

## FIFTH CAUSE OF ACTION

### (FAILURE TO TIMELY PAY ALL EARNED WAGES AND COMPENSATION)

#### (Against All Defendants)

99.     Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

100.    At all times pertinent hereto, California law, including, but not limited to, Labor Code § 204 provided that all wages, other than those mentioned in Labor Code § 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

101.    Plaintiff is informed, believes, and thereon alleges that Defendants failed to timely tender Plaintiff and her fellow members of the Class all of their earned minimum and regular wages, overtime wages, and Labor Code § 226.7 compensation, earned by Plaintiff and her fellow members of the Class, in accordance with California law, including, but not limited to, Labor Code § 204, such that labor performed between the 1st and 15th days, inclusive, of any calendar month was not paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, was not paid for between the 1st and 10th day of the following month.

102.    Plaintiff is informed, believes, and thereon alleges that as a consequence of Defendants' failure to timely tender Plaintiff and her fellow members of the Class all of their earned minimum and regular wages, overtime wages, and Labor Code § 226.7 compensation, Plaintiff was deprived of the timely receipt of their earned wages and other compensation and, as a result thereof, were deprived of the interest and monetary appreciation that would accrue on said monies - financial growth which Defendants were afforded the opportunity to realize as a

-26-

1  consequence of their unlawful and unfair withholding of said wages and compensation earned by,

2  and due and owing, Plaintiff and her fellow members of the Class.

3      103.   At all times pertinent hereto, California law, including, but not limited to, Labor

4  Code § 215 provided, "Any person, or the agent, manager, superintendent or officer thereof, who

5  violates any provision of Section 201.3, 204, 204b, 205, 207, 208, 209, or 212 is guilty of a

6  misdemeanor. Any failure to keep posted any notice required by Section 207 is prima facie

7  evidence of a violation of these sections."

8      104.   At all times pertinent hereto, California law, including, but not limited to, Labor

9  Code § 216 provided, "In addition to any other penalty imposed by this article, any person, or an

10  agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the

11  ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b)

12  Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for

13  himself, his employer or other person, any discount upon such indebtedness, or with intent to

14  annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

15      105.   Plaintiff is informed, believes, and thereon alleges that Defendants, and each of

16  them, by and through their respective corporate officers, directors, and managing agents, ordered,

17  authorized, approved, or ratified the conduct herein alleged with the intent to deprive Plaintiff and

18  fellow members of the Class of the wages to which they were entitled under California law so as

19  to increase Defendants' profits, regardless of their statutory obligations, including those which

20  carry criminal penalties for noncompliance.

21  ### SIXTH CAUSE OF ACTION

22  **(FAILURE TO PAY ALL EARNED WAGES AND**

23  **COMPENSATION UPON TERMINATION OF EMPLOYMENT)**

24  **(Against All Defendants)**

25      106.   Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

26  alleged in this complaint, as though fully set forth herein.

27

28

**COMPLAINT**

107.   At all times pertinent hereto, Labor Code § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

108.   At all times pertinent hereto, Labor Code § 202 provided that if an employee not having a written contract for a definite period quits their employment, their wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

109.   Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Plaintiff and members of the Class' employment relationship with Defendants was terminated without Defendants paying all wages, compensation and benefits due Plaintiff and her fellow members of the Class in the time period prescribed by the Labor Code.

110.   Plaintiff is informed, believes, and thereon alleges that Plaintiff and her fellow members of the Class have been available and ready to receive wages, compensation and benefits owed to them.

111.   Plaintiff is informed, believes, and thereon alleges that Plaintiff and the fellow members of the Class have not refused to receive any payment, nor have Plaintiff or the fellow members of the Class been absent from their regular place of residence to receive the wages, compensation and benefits due and owing them by Defendants.

112.   Plaintiff is informed, believes, and thereon alleges that Defendants' failure to pay Plaintiff and her fellow members of the Class their wages, compensation and benefits due and owing, as set forth in detail herein, was willful; Defendants have knowingly refused to pay Plaintiff and her fellow members of the Class all of the wages, compensation, and benefits due and owing Plaintiff and her fellow members of the Class.

113.   At all times pertinent hereto, Labor Code § 203 provided that an employer who willfully fails to pay, without abatement or reduction, in accordance with Labor §§ 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the daily wages of the

-28-

1    employee shall continue as a penalty from the due date thereof at the same daily rate until paid or

2    until an action therefore is commenced up to, but not more than thirty (30) days.

3        114.    At all times pertinent hereto, Labor Code § 216 provided that in addition to any

4    other penalty imposed by the article, any person, or an agent, manager, superintendent, or officer

5    thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay

6    wages due and payable after demand has been made;  (b) Falsely denies the amount or validity

7    thereof, or that the same is due, with intent to secure for himself, their employer or other person,

8    any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or

9    defraud, the person to whom such indebtedness is due.

10       115.    At all times pertinent hereto, California law, including, but not limited to, Labor

11   Code § 1194, provided that for any action brought for the nonpayment of wages, fringe benefits,

12   or health and welfare or pension fund contributions, the court shall award reasonable attorney's

13   fees and costs to the prevailing party if any party to the action requests attorney's fees and costs

14   upon the initiation of the action.

15       116.    At all times pertinent hereto, Labor Code § 1194.2 provided that in any action

16   brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages

17   at the rate of interest specified in Civil Code § 3289(b), which shall accrue from the date that the

18   wages were due and payable.

19       117.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

20   their respective officers, directors, and managing agents, ordered, authorized, approved and/or

21   ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of

22   Class of the monies to which they were entitled under California law, so as to increase

23   Defendants' profits, regardless of their statutory obligations, including those which carry criminal

24   penalties for noncompliance.

25   ///

26   ///

27   ///

28   ///

-29-

**COMPLAINT**

**SEVENTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS)**

**(Against All Defendants)**

118.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

119.    At all times pertinent hereto, California Labor Code § 226 required Defendants, at the time of each payment of wages, to furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, . . . (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

120.    Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Defendants failed to provide an itemized statement in writing that complied with Labor Code § 226, including, but not limited to, the following:  failing to accurately report the total number of hours actually worked by Plaintiff and her fellow members of the Class; failing to accurately record all earned overtime; failing to list the applicable hourly rate in effect during the pay period and accurately record the corresponding number of hours worked at each hourly rate by Plaintiff and their fellow members of the Class.

121.    As a result of Defendants' failure, Plaintiff and her fellow members of the Class are entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurred and one hundred dollars per for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, plus costs and reasonable attorney's fees pursuant to California law, including, but not limited to, Labor Code §226(e).

///

# EIGHTH CAUSE OF ACTION

## (FAILURE TO INDEMNIFY)

### (Against All Defendants)

122.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

123.    At all times pertinent hereto, Section 8 the Wage Order provided, "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

124.    At all times relevant hereto, California law, including, but not limited to, Labor Code § 2802, provided in pertinent part: "(a) An employer shall indemnify his or their employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties, or of his or their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

125.    Plaintiff is informed, believes, and thereon alleges that during the period of four years prior to the filing of the complaint in this action up to the present Defendants violated Labor Code §2802 by failing to indemnify Plaintiff and her fellow members of the Class for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties. Such failures include, but are not limited to, back-charging Plaintiff and her fellow members of the Class for purportedly failed quality control assessments and any lost equipment.

126.    At all times relevant hereto, California law, including, but not limited to, provision 9 of the governing Industrial Welfare Commission Wage Order, provided in pertinent part: "9. UNIFORMS AND EQUIPMENT …(B) When such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

-31-

EXHIBIT 1, Page 44

127.    Plaintiff is informed, believes, and thereon alleges that during the period of four years prior to the filing of the complaint in this action up to the present Defendants violated provision 9 of the governing Industrial Welfare Commission Wage Order by failing to provide Plaintiff and her fellow members of the Class tools or equipment that were required by Defendants or were necessary to the performance of the job. Such tools and equipment include, but are not limited to: cellphone/mobile phones with the company required customer service software/"app" installed.

128.    At all times relevant hereto, California law, including, but not limited to, Labor Code § 2802, provided in pertinent part: "(a) An employer shall indemnify his or their employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties, or of his or their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. (b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.  (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

129.    Plaintiff and fellow members of the Class have incurred costs and attorneys' fees, and will continue to incur costs and attorneys' fees to enforce their rights and the rights of their fellow members of the Class under the Labor Code.  Plaintiff and fellow members of the Class are entitled to recover their reasonable attorneys' fees and costs in an exact amount to be proven at trial.

130.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiff and her fellow members of the Class of monies and other benefits to which they were and are entitled under

-32-

**COMPLAINT**

California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

## NINTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA WAGE THEFT PREVENTION ACT)

### (Against All Defendants)

131.   Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

132.   At all times pertinent hereto, California's Wage Theft Prevention Act, codified in part in California Labor Code § 2810.5, provided in pertinent part: (a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information: (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable. (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances. (C) The regular payday designated by the employer in accordance with the requirements of this code. (D) The name of the employer, including any "doing business as" names used by the employer. (E) The physical address of the employer's main office or principal place of business, and a mailing address, if different. (F) The telephone number of the employer. (G) The name, address, and telephone number of the employer's workers' compensation insurance carrier. (H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates. (I) Any other information the Labor Commissioner deems material and necessary. …(b) An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven calendar days after the time of the changes, unless one of the following applies: (1) All changes are reflected on a timely wage statement furnished in accordance with Section 226. (2) Notice of all changes is provided in another writing required by law within seven days of the changes.

-33-

**COMPLAINT**

133.    Plaintiff is informed, believes, and thereon alleges that all times pertinent hereto, Defendants were not security services companies licensed by the Department of Consumer Affairs and that solely provided security services.

134.    At all times pertinent hereto, neither Plaintiff nor her fellow members of the Class were employees directly employed by the state or any political subdivision thereof, including any city, county, city and county, or special district.

135.    At all times pertinent hereto, neither Plaintiff nor her fellow members of the Class were employees who were exempt from the payment of overtime wages by statute or the wage orders of the Industrial Welfare Commission.

136.    At all times pertinent hereto, neither Plaintiff nor her fellow members of the Class were employees who were covered by a valid collective bargaining agreement which expressly provided for the wages, hours of work, and working conditions of the employee, or an agreement which provided premium wage rates for all overtime hours worked and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage.

137.    Plaintiff is informed, believes, and thereon alleges that at no time during the Class Period did Defendants provide either Plaintiff or her fellow members of the Class the written notice required pursuant to the California's Wage Theft Prevention Act, codified in part in California Labor Code § 2810.5.

## TENTH CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES)

### (Against All Defendants)

138.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

139.    Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Defendants reaped substantial unjust revenue by, inter alia: (a) willfully refusing to pay Plaintiff and her fellow members of the Class all of their earned wages and compensation, including minimum, regular, and overtime wages, by requiring, inter alia, Plaintiff and her fellow members of the Class to work "off the clock" to

-34-

EXHIBIT 1, Page 47

complete their job duties, rounding down hours, not recording hours, and/or artificially deducting one-half hour from shifts in excess of five hours; (b) not permitting Plaintiff and her fellow members of the Class to take all of their statutorily entitled rest periods; (c) not providing Plaintiff and her fellow members of the Class the opportunity to take all of their statutorily entitled meal periods; (d) failing to pay Plaintiff and her fellow members of the Class one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; (e) not indemnifying Plaintiff and her fellow members of the Class for all work related expenses and/or reimbursing Plaintiff and her fellow members of the Class for tools and equipment mandated by Defendants and/or necessary for the job; (f) not timely paying Plaintiff and her fellow members of the Class all of their earned wages and compensation; (g) failing to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7 compliant wage statements; (h) not timely paying Plaintiff and her fellow members of the Class all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting; (i) not indemnifying Plaintiff and her fellow members of the Class for all work related expenses and/or reimbursing Plaintiff and her fellow members of the Class for tools and equipment mandated by Defendants and/or necessary for the job; (j) not providing Plaintiff and her fellow members of the Class a written notice in accordance with Labor Code § 2810.5; and/or (k) failing to abide by other provisions of the California Labor Code and Code of Regulations, including, without limitation, Labor Code §§ 90 et seq., 200 et seq., 510, 512, 1194 and other sections, as well as the Wage Order.

140.    Plaintiff is informed, believes, and thereon alleges that during the period of four years prior to the filing of the complaint in this action up to the present Defendants committed unfair and unlawful business acts including, but not limited to, inter alia: (a) willfully refusing to pay Plaintiff and her fellow members of the Class all of their earned wages and compensation, including minimum, regular, and overtime wages, by requiring, inter alia, Plaintiff and her fellow members of the Class to work "off the clock" to complete their job duties, not recording hours worked; rounding down hours, and/or artificially deducting one-half hour from shifts in excess of

-35-

1  five hours; (b) not permitting Plaintiff and her fellow members of the Class to take all of their

2  statutorily entitled rest periods; (c) not providing Plaintiff and her fellow members of the Class

3  the opportunity to take all of their statutorily entitled meal periods;  (d) failing to pay Plaintiff and

4  her fellow members of the Class one hour of compensation at their regular rate of pay, for each

5  earned rest period not permitted and/or each earned meal period not provided; (e) failing to pay

6  Plaintiff and her fellow members of the Class all of their earned benefits; (f) not timely paying

7  Plaintiff and her fellow members of the Class all of their earned wages and compensation; (g)

8  failing to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7

9  compliant wage statements; (h) not timely paying Plaintiff and her fellow members of the Class

10 all of their earned wages, compensation and benefits immediately at the termination of their

11 employment or within seventy-two hours of them quitting; (i) not indemnifying Plaintiff and her

12 fellow members of the Class for all work related expenses and/or reimbursing Plaintiff and her

13 fellow members of the Class for tools and equipment mandated by Defendants and/or necessary

14 for the job; (j) not providing Plaintiff and her fellow members of the Class a written notice in

15 accordance with Labor Code § 2810.5; and/or (k) failing to abide by other provisions of the

16 California Labor Code and Code of Regulations, including, without limitation, Labor Code §§ 90

17 et seq., 200 et seq., 510, 512, 1194 and other sections, as well as the Wage Order. Such conduct

18 by Defendants constitutes unfair competition and unfair business practices, as such terms are

19 described in Business and Professions Code § 17200, et seq.

20    141.    Pursuant to Business and Professions Code § 17203, the court is authorized to

21 make such orders or judgments as may be necessary to prevent the use or employment by any

22 such person or entity of any such practice which constitutes unfair competition or as may be

23 necessary to restore to any person in interest any money or property which may have been

24 acquired by means of such unfair competition.

25    142.    Plaintiff is informed, believes, and thereon alleges that Defendants have violated

26 California labor law as detailed herein and, unless restrained and ordered to disgorge to Plaintiff

27 and her fellow members of the Class, as restitution, all ill-gotten revenue derived from

28 Defendants' unfair and unlawful business practices detailed herein, Defendants will continue to

-36-

**COMPLAINT**

EXHIBIT 1, Page 49

violate Unfair Competition Law by engaging in the business practices violative of California labor law as detailed hereinabove.

## **PRAYER**

143. NOW, THEREFORE, Plaintiff, individually and on behalf of her fellow members of the Class, prays for judgment against Defendants, and each of them, as follows:

144. For all earned minimum, regular rate, and overtime wages as restitution and compensatory damages in an amount according to proof at the time of trial;

145. For statutory and civil penalties as authorized by statute including, but not limited to, the California Labor Code;

146. For additional monies equal to one hour of pay pursuant Labor Code § 226.7, for each earned rest period Plaintiff and her fellow members of the Class were not permitted to take, and for each earned meal period that Defendants failed to provide;

147. For the greater of actual damages sustained or penalties as authorized by statute, including, but not limited to, the California Labor Code;

148. For compensatory damages comprised of the following: the respective earned minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest earned by Plaintiff and her fellow members of the Class, but not paid by Defendants, as detailed hereinabove, in an identifiable amount which Defendants were statutorily required to specify and record;

149. For injunctive relief, including but not limited to an order, compelling Defendants: (a) to accurately record: (1) all time worked by Plaintiff and her fellow members of the Class; (b) reimburse for work-related expenses; and (c) provide Plaintiff and her fellow members of the Class the required Wage Theft Prevention Act Notice;

150. For reasonable attorney's fees and costs pursuant to the California Labor Code and Civil Code §1021.5, and as otherwise permitted by statute;

151. For interest at the legal rate pursuant to Labor Code §218.6, 1194.2 and Civil Code § 3289, from the date of each applicable pay period;

-37-

**COMPLAINT**

152.    For punitive damages in an amount deemed sufficient by the trier of fact to punish, deter and make an example of the Defendants;

153.    For costs of suit incurred herein; and

154.    For such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

155.    Plaintiff and proposed Class Representative, MERCEDES HALDY, individually and on behalf of all those similarly situated members of the Class, hereby demand trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

WHEREFORE, Plaintiff and proposed Class Representative, MERCEDES HALDY, individually and on behalf of all those similarly situated members of the Class, prays for judgment as follows:

1.    For certification of the Class and all Sub-Classes on all causes of action;

2.    For all earned minimum and regular rate wages as restitution and compensatory damages in an amount according to proof at the time of trial;

3.    For all earned overtime and double time wages as restitution and compensatory damages in an amount according to proof at the time of trial;

4.    For restitution and compensatory damages according to proof at the time of trial;

5.    For all recoverable benefits, including, but not limited to, medical care, first aid treatment, temporary disability, permanent disability, supplemental job displacement benefit, and/or death benefits.

6.    For additional monies equal to one hour of pay for each member of the Class for each work day within the statutory period of Labor Code § 226.7, in which such members worked 3.5 hours without being permitted a paid ten (10) consecutive minute, uninterrupted, rest period and/or worked 6 hours and not permitted a paid second ten (10) consecutive minute, uninterrupted, rest period;

-38-

7.     For additional monies equal to one hour of pay for each member of the Class for each work day within the statutory period of Labor Code § 226.7, in which such members worked five hours without being provided a thirty (30) consecutive, uninterrupted, meal period, and/or worked ten hours without being provided a second thirty (30) consecutive minute, uninterrupted, meal period;

8.     For statutory and civil penalties as authorized by statute including, but not limited to, the California Labor Code;

9.     For the greater of actual damages sustained or penalties as authorized by statute including, but not limited to, the California Labor Code;

10.    For compensatory damages comprised of the following: the respective earned minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, and interest earned by Plaintiff and his fellow members of the Class, but not paid by Defendants, as detailed hereinabove, in an identifiable amount which Defendants were statutorily required to specify and record;

11.    Liquidated damages pursuant to Labor Code §1194.2 in an amount equal to the wages unlawfully unpaid and interest thereon.

12.    For injunctive relief in the form of an order compelling Defendants to cease enforcement of their policies and practices which are in violation of the California Labor Code and the applicable Industrial Welfare Commission Wage Order as detailed herein, and compel Defendants to comply with California labor law, including, but not limited to: (a) Provide the Class Members the required Notice pursuant to the California Wage Theft Prevention Act; (b) Provide the Class Members their statutorily entitled rest, meal and recovery periods; (c) Procure, maintain, and provide workers compensation insurance for the Class Members; (d) Permit the Class Members to inspect and copy their wage and personnel records; (e) Provide the Class Members their statutorily entitled sick days; (f) Provide the Class Members Labor Code §226 compliant wage statements;

13.    Recovery of wages unlawfully withheld as a restitutionary remedy under the Unfair Competition Law.

-39-

**COMPLAINT**

14. For pre-judgment interest at the legal rate;

15. For reasonable attorney's fees and costs pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 226, 1194, and 2802, and as otherwise permitted by statute;

16. For restitution and compensatory damages according to proof, including lost earnings;

17. For general damages;

18. For special damages;

19. For all damages and penalties available for violations of the California Labor Code, and the California Business and Professions Code;

20. For costs of suit incurred; and

21. For any other and further relief as the Court deems just and proper.

Dated: *February 16, 2021*            DENIS & RASI, PC

By _____
                    Paul J. Denis
                    Ethan E. Rasi
        Attorneys for Plaintiff MERCEDES HALDY

-40-

**COMPLAINT**

Electronically Filed by Superior Court of California, County of Orange, 02/16/2021 05:25:15 PM.
30-2021-01184247-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul Denis (State Bar No. 279026) and David Alami (State Bar No. 314628) <br> DENIS & RASI, PC <br> 38 Corporate Park <br> Irvine, California 92606 <br> TELEPHONE NO.: (714) 242-4557    FAX NO.: (213) 443-9601 <br> ATTORNEY FOR *(Name):* Plaintiff MERCEDES HALDY | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: ~~751 W Santa Ana Blvd~~  700 CIVIC CENTER DR. W
MAILING ADDRESS: 751 W Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Haldy v. White House Black Market, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter  ☐ Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | 30-2021-01184247-CU-OE-CXC |
| | | | JUDGE: Judge James J. Di Cesare | |
| | | | DEPT: C-16 | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* ten (10)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2021
Paul Denis
(TYPE OR PRINT NAME)                         ▶ _[signature]_
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT 1, Page 54

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                  **CIVIL CASE COVER SHEET**                                         Page 2 of 2

EXHIBIT 1, Page 55

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the
ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint,
an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR
and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to
any applicable local court rules and directions for contacting any   court   staff
responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution   programs   funded
under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are
participating in the DRPA. This information may take the form of a list of   the
applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR
process.

(b) A court may make the ADR Information Package available on its website as long as
paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant
along with the complaint. Cross-complainants must serve a copy of the ADR
Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT 1, Page 56

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

EXHIBIT 1, Page 57

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                   STATE:          ZIP CODE:<br>TELEPHONE NO.:                          FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
|---|---|

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____        _____        _____
                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____        _____        _____
                   (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

FEB 1 8 2021

# EXHIBIT 2



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

WHITE HOUSE BLACK MARKET, INC.                                      02/22/2021
Deidre Richardson VP – Legal
Chico's FAS, Inc.
11215 Metro Parkway
Fort Myers FL 33966

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2021-25

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Entity Served: | WHITE HOUSE BLACK MARKET, INC. |
|---|---|---|
| 2. | Title of Action: | Mercedes Haldy, Moes, et al. vs. White House Black Market, Inc., et al. |
| 3. | Document(s) Served: | Summons<br>Class Action Complaint in Damages<br>Civil Case Cover Sheet<br>Alternative Dispute Resolution (ADR) Information |
| 4. | Court/Agency: | Orange County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 30-2021-01184247-CU-OE-CXC |
| 7. | Case Type: | Failure to Pay All Earned Wages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 02/18/2021 |
| 10. | Date to Client: | Monday 02/22/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Saturday 03/20/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Denis & Rasi, PC<br>Irvine, CA<br>714-242-4557 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

EXHIBIT 2, Page 62

Electronically Filed by Superior Court of California, County of Orange, 02/16/2021 05:25:15 PM.
30-2021-01184247-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WHITE HOUSE BLACK MARKET, INC., a Florida corporation; CHICO'S
FAS, INC., a Florida corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MERCEDES HALDY, MOES 1 through 1,000, individually, and on
behalf of all other similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>700 CIVIC CENTER DR. W<br>SANTA ANA CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2021-01184247-CU-OE-CXC<br><br>Judge James J. Di Cesare |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul Denis, 38 Corporate Park, Irvine, California 92606 (714-242-4557)

| DATE:<br>*(Fecha)* 02/16/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secr.)* _Ramirez_ Georgina Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* White House Black Market, Inc., a Florida corporation

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**EXHIBIT 2, Page 63**

Case 8:21-cv-00540-DOC-JDE   Document 1   Filed 03/22/21   Page 67 of 137   Page ID #:67
Electronically Filed by Superior Court of California, County of Orange, 02/16/2021 05:25:15 PM.
30-2021-01184247-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

Paul Denis [SBN 279026]
Ethan Rasi [SBN 289848]
**DENIS & RASI, PC**
38 Corporate Park
Irvine, CA 92606
Telephone: (714) 242-4557
Facsimile:  (213) 443-9601

Assigned for All Purposes

Judge James J. Di Cesare

C-16

Attorneys for Plaintiff,
MERCEDES HALDY, individually and on behalf of all other similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CIVIL COMPLEX CENTER

MERCEDES HALDY, MOES 1 through 1,000, individually, and on behalf of all other similarly  situated,

        Plaintiff,

vs.

WHITE HOUSE BLACK MARKET, INC., a Florida corporation; CHICO'S FAS, INC., a Florida corporation; and DOES 1 through 25, inclusive,

        Defendants.

[UNLIMITED CIVIL]

CASE NO.:   30-2021-01184247-CU-OE-CXC

**CLASS ACTION COMPLAINT FOR DAMAGES**

1. **FAILURE TO PAY ALL EARNED WAGES**
2. **FAILURE TO PAY ALL EARNED OVERTIME WAGES**
3. **FAILURE TO PERMIT PAID 10 MINUTE REST PERIODS**
4. **FAILURE TO PROVIDE 30 MINUTE MEAL PERIODS**
5. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND COMPENSATION**
6. **FAILURE TO PAY ALL EARNED WAGES AND COMPENSATION UPON TERMINATION**
7. **FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS**
8. **FAILURE TO INDEMNIFY**
9. **VIOLATION OF CALIFORNIA WAGE THEFT PREVENTION ACT**
10. **UNFAIR BUSINESS PRACTICES**

-1-

**COMPLAINT**

Plaintiff and putative Class Representative, MERCEDES HALDY, individually and on behalf of all other similarly situated, and MOES 1 through 1,000 ("Plaintiff") allege:

### PARTIES

1. Plaintiff and putative Class Representative, MERCEDES HALDY is an adult person who, at all times pertinent hereto, was domiciled in the State of California. She brings this action individually and on behalf of all similarly situated of Defendants, WHITE HOUSE BLACK MARKET, INC., a Florida corporation; CHICO'S FAS, INC., a Florida corporation; and Does 1 through 25, inclusive (hereinafter, collectively, "Defendants"), and on behalf of the general public.

2. The similarly situated on whose behalf Plaintiff brings this action include, without limitation: all current and former, non-exempt employees who worked for Defendants in the State of California, at any time during the period of four years prior to the filing of the complaint in this action up to the present (the "Class"):

3. The "Class" is comprised of the following Sub-Classes:

   a. Unpaid Wage and Compensation Sub-Class: Those members of the Class who earned wages and compensation;

   b. Overtime Subclass: Those members of the Class who worked in excess of 8 hours in a day, 40 hours in a work week, and/or worked on the 7th consecutive day of a work week;

   c. Rest Period Sub-Class: Those members of the Class who worked in excess of 4 hours a day and/or in excess of 6 hours a day;

   d. Meal Period Sub-Class: Those members of the Class who worked in excess of 5 hours a day and/or in excess of 10 hours a day;

   e. Untimely Payment of Wages-Compensation Sub-Class: Those members of the Class who were paid wages and other compensation by Defendants;

   f. Waiting Time Sub-Class: Those members of the Class who were terminated or quit from the employ of Defendants;

-2-

g.  Indemnification Sub-Class: Those members of the Class who incurred expenditures in the discharge of their duties to Defendants;

h.  Wage-Statement Sub-Class: Those members of the Class who received a Wage Statement from Defendants within one year prior to filing of this action, up to, and including, the present;

i.  Labor Code §2810.5 Notice Sub-Class: Those members of the Class;

j.  Unfair Business Practice Sub-Class: Those members of the Class.

4.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

5.    Plaintiff is informed, believes, and thereon alleges that Defendants were and are doing business and maintain minimum contacts in the County of Orange, as well as other counties in the State of California, during the Class Period.

6.    Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was the Plaintiff or any fellow member of the Class properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither they nor any fellow member of the Class spent more than one-half of their time working on managerial, administrative, or professional tasks during the Class Period.

7.    On behalf of the Class and the general public, Plaintiff seeks to enforce the public policy favoring compliance with labor and workplace safety and working condition standards expressed under, inter alia, Labor Code § 90.5, to wit: "It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards." Plaintiff alleges that the aforementioned conduct of Defendants violates an important right affecting the public interest, as such phrase is used in Code of Civil Procedure section 1021.5.

-3-

**COMPLAINT**

8.      Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25 specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Order, against Plaintiff, and the Class, as set forth herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not have acted similarly under the circumstances.

9.      Plaintiff is ignorant of the true names and capacities of Defendant Does 1 through 25, inclusive, and, by reason thereof, sues said Defendants by their fictitious names. Plaintiff will amend this complaint to allege the true names and capacity of said Doe Defendants when same have been fully and finally ascertained.

## VENUE AND JURISDICTION

10.     Plaintiff is informed, believes, and thereon alleges that two-thirds (2/3) or more of the members of the proposed Class in the aggregate, at all times pertinent hereto, including, but not limited to, during the period of four years prior to the filing of the complaint in this action up to the present, have been, and continue to be, citizens of the forum state, California, the state in which this action was originally filed.

11.     Plaintiff is informed, believes, and thereon alleges that WHITE HOUSE BLACK MARKET, INC.; CHICO'S FAS, INC.; and Does 1 through 25, inclusive, are the only primary defendants in this action and, at all times pertinent hereto, were and are citizens of the forum state of California.

12.     Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25, inclusive, as alleged herein, forms a significant basis for the claims asserted by Plaintiff and her fellow members of the Class in this action.

13.     Plaintiff is informed, believes, and thereon alleges that Plaintiff and her fellow members of the Class are seeking significant relief from Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25, inclusive.

-4-

**COMPLAINT**

14.     Plaintiff is informed, believes, and thereon alleges that the principal injuries sustained by Plaintiff and her fellow members of the Class, as alleges herein, resulted from the conduct of Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25, inclusive, and were incurred in the forum state - California.

15.     Plaintiff is informed, believes, and thereon alleges that the claims asserted in this action do not involve matters of national or interstate interest; rather, this Class action and representative action involve a local controversy of the forum state - California.

16.     Plaintiff is informed, believes, and thereon alleges that the claims asserted is this action will be governed exclusively by the laws of the forum state - California – the state in which this action was originally filed.

17.     Plaintiff is informed, believes, and thereon alleges that this action is brought in the Orange County Superior Court for the State of California as said forum has a distinct nexus with Plaintiff and her fellow members of the Class, the harm alleged, as well as Defendants, WHITE HOUSE BLACK MARKET, INC., CHICO'S FAS, INC.; and Does 1 through 25.

18.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, the number of citizens from the forum state of California, the state in which the action was originally filed, comprising the proposed Class in the aggregate, is substantially larger than the number of citizens from any other state, and the citizenship of the other members of the Class is dispersed among a substantial number of states.

19.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, that the claims alleged in this action, and the causes of action derived therefrom, do not involve a federal question(s).

20.     At times pertinent hereto, Plaintiff and her fellow members of the Class, as employees of Defendants, performed work, and Defendants' liability arose, in the County of Orange, State of California.

21.     Venue is appropriate in Orange County in that venue in a failure to pay wages claim against a corporate employer is proper in the location where the work was performed. (*Owens v. Paraco, Inc.* (1958) 160 Cal.App.2d 824). Defendants' liability arose in Orange, and

-5-

1    other counties throughout California, where they committed violations of applicable provisions of

2    the California Business and Professions Code, California Labor Code, and applicable Industrial

3    Welfare Commission Wage Orders, as detailed herein.

4                                    **JOINT EMPLOYER**

5           22.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned

6    herein, the named Defendants, Does 1 through 25, and each of them, were acting as the agent

7    and/or employee of each remaining defendant, and were acting within the course and scope of

8    said principal-agency and/or employment relationship, and directed, authorized and/or ratified the

9    conduct set forth in detail herein.  Plaintiff is informed, believes, and thereon alleges that each of

10   the fictitiously named Defendants is responsible in some manner for the occurrences herein

11   alleges and that Plaintiff and her fellow members of the Class' damages, as herein alleges, were

12   proximately caused by such Defendants, and each of them.

13          23.     Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1

14   through 25, inclusive, were, at all times pertinent hereto, joint employers of the named Plaintiff,

15   and other members of the Class, as they exercised joint control over and/or right to assign, place

16   and/or supervise the Class members' work or working conditions, maintained joint authority to

17   hire and fire employees, supervised and controlled employee work schedules and employment

18   conditions, determined rate and method of payment, and/or jointly maintained employment

19   records.

20          24.     Plaintiff is informed, believes, and thereon alleges that at all times relative hereto,

21   Plaintiff and her fellow Class members performed work that simultaneously benefitted

22   Defendants and Does 1 through 25, inclusive.

23          25.     Plaintiff is informed, believes, and thereon alleges that at all times pertinent hereto,

24   there existed an arrangement between Defendants and Does 1 through 25, inclusive, to share the

25   employee's services, and each Defendant acted, either directly or indirectly, in the interest of their

26   fellow Defendants in relation to the employment of Plaintiff and her fellow Class members.

27   ///

28   ///

**COMPLAINT**

## ALTER EGO – AGENCY ALLEGATIONS

26.     Plaintiff is informed, believes, and thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants and Does 1 through 25, inclusive, on the one hand, and on the other hand, such that any corporate individuality and separateness between said parties have ceased and that Defendants are the alter ego of each other and Does 1 through 25, inclusive, in that the businesses of Does 1 through 25, inclusive, are so completely dominated, controlled, managed, and operated by Defendants that Does 1 through 25, inclusive, function as a mere instrumentalities through which Defendants conduct their business.

27.     Plaintiff is informed, believes, and thereon alleges that adherence to the fiction of the existence of Does 1 through 25, as entities separate and distinct from Defendants, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that Plaintiff could be denied a full recovery in the event that the assets of Does 1 through 25 are insufficient to satisfy a judgment entered against them in this action. The corporate veil established Does 1 through 25, should be pierced and the alter ego doctrine applied in the context of this action.

28.     Plaintiff is informed, believes, and thereon alleges that Defendant Does 15 through 25 are individuals, directors, officers and shareholders of Defendants and Does 1 through 25, who influence and govern Defendants and Does 1 through 25, and/or were actors in the course of conduct constituting the abuse of the corporate privilege, treating Defendants and Does 1 through 25, as their alter ego, rather than as a separate entity, failing, inter alia, to contribute capital, issue stock, or otherwise complete formation of the corporation, use corporate assets as their own, commingle corporate funds with their personal funds, and/or failing to observe corporate formalities. Further, Defendants, and Does 15 through 25, utilized Defendants Does 1 through 25, to circumvent the applicable provisions, and frustrate the statutory policies, of the California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Orders, as set forth herein.

-7-

29.     Plaintiff is informed, believes, and thereon alleges that it would sanction a fraud or promote an injustice to uphold the corporate entities of Defendants and Does 1 through 25, and allow the shareholders of Defendants and Does 15 through 25, to escape personal liability for his/her/their debts to Plaintiff and her fellow members of the Class.

30.     Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25, specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Orders, against Plaintiff and her fellow members of the Class, as set forth herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not have acted similarly under the circumstances.

## APPLICABLE WAGE AND HOUR STANDARDS

31.     At all times pertinent hereto, pursuant to California law, including, but not limited to, Labor Code § 1197-1198, it was unlawful to pay less than the wage established by law or to employ persons in excess of the hours fixed by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the Industrial Wage Commission Wage Orders codified at 8 Cal. Code Reg., Division 1 (the "IWC Wage Orders").

32.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 510 and the IWC Wage Orders which apply to Plaintiff and her fellow members of the Class' employment with Defendants, provided for payment of a minimum wage regardless of the number of hours worked; plus one and one half (1 ½) times each employee's regular rate of pay for all work over eight (8) hours in any workday, forty (40) hours in any workweek, or any work performed on the seventh day of any workweek; plus double the employee's regular rate of pay for work over 12 hours in a work day or over eight hours on the seventh day of any workweek.

33.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 1194.3, which applies to Plaintiff and her fellow members of the Class' employment with Defendants, provided, "An employee may recover attorney's fees and costs incurred to enforce a court judgment for unpaid wages due pursuant to this code."

34.     At all times pertinent hereto, 8 Cal. Code Reg. ("CCR") section 11070 (Industrial Welfare Commission, Industry and Occupation Orders, Wage Order (the "Wage Order"), which applies to Plaintiff and her fellow members of the Class' employment with Defendants, required that each non-exempt employee working at least 3.5 hours must be given a paid rest period of not less than ten consecutive minutes, uninterrupted, where the employee is relieved of all duties; and a second rest period of not less than ten consecutive minutes be given to each non-exempt employee working at least six hours in any given workday.

35.     At all times pertinent hereto, the Wage Order and Labor Code § 226.7, provided that each non-exempt employee who was not permitted to take a valid rest period mandated thereunder must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which a valid rest period was not provided.

36.     At all times pertinent hereto, the Wage Order required that each employee working at least five hours must be given a paid or unpaid meal period of not less than thirty consecutive minutes, uninterrupted, where the employee is relieved of all job duties; and that a second meal period of not less than thirty consecutive minutes, uninterrupted, be given to each employee working at least ten hours in any given workday. Further, unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

37.     At all times pertinent hereto, the Wage Order and Labor Code § 226.7, provided that each employee who was not permitted to take a meal period mandated thereunder must be paid one hour of additional pay at the employee's regular rate of pay for each such workday in which a valid meal period was not provided.

38.     At all times pertinent hereto, Labor Code § 200 defined "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

-9-

**COMPLAINT**

39.     At all times pertinent hereto, Labor Code § 204 provided that all wages, other than those mentioned in Labor Code §§ 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

40.     At all times pertinent hereto, Labor Code § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

41.     At all times pertinent hereto, Labor Code § 202 provided that if an employee not having a written contract for a definite period quits their employment, their wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

42.     At all times pertinent hereto, Labor Code § 203 provided that an employer who willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

43.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 226, required Defendants, "at the time of each payment of wages, furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, . . .(4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

-10-

**COMPLAINT**

which the employee is paid, (7) the name of the employee and their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

44.     At all times pertinent hereto, California law, including, Labor Code § 2810.5, provided in pertinent part: "(a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information: (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable. (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances. (C) The regular payday designated by the employer in accordance with the requirements of this code. (D) The name of the employer, including any "doing business as" names used by the employer. (E) The physical address of the employer's main office or principal place of business, and a mailing address, if different. (F) The telephone number of the employer. (G) The name, address, and telephone number of the employer's workers' compensation insurance carrier. (H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates. (I) Any other information the Labor Commissioner deems material and necessary....(3) If the employer is a temporary services employer, as defined in Section 201.3, the notice described in paragraph (1) must also include the name, the physical address of the main office, the mailing address if different from the physical address of the main office, and the telephone number of the legal entity for whom the employee will perform work, and any other information the Labor Commissioner deems material and necessary. ...(b) An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven calendar days after the time of the changes, unless one of the following applies: (1) All changes

-11-

**COMPLAINT**

1   are reflected on a timely wage statement furnished in accordance with Section 226. (2) Notice of

2   all changes is provided in another writing required by law within seven days of the changes...."

3       45.   Plaintiff, individually and on behalf of all other similarly situated, seeks recovery

4   of wages, restitution, as well as penalties for each day to which they and fellow members of the

5   Class, were subject to the unlawful conduct of Defendants, to wit: denied wages; not

6   compensated for all hours worked; underpaid for actual hours of work; not compensated at the

7   proper rate for hours worked; not paid all earned overtime; not permitted valid ten (10)

8   consecutive minute, uninterrupted rest periods, relieved of all job duties; were not provided valid

9   thirty (30) consecutive minute, uninterrupted meal periods, relieved of all job duties; not timely

10  paid all earned wages and compensation; not indemnified for all work-related expenses and/or not

11  reimbursed for all mandated tools and equipment necessary for the job; were provided inaccurate

12  and incomplete wage statements; not paid all wages earned at the time of the termination of their

13  employment relationship with Defendants; were not provided a valid written notice compliant

14  with Labor Code 2810.5; at any time after January 1, 2016, failing to separately document the

15  time associated with earned rest periods and/or other nonproductive time, as well as the

16  corresponding compensation associated therewith, on Plaintiff and their fellow members of the

17  Class' respective wage statements; and/or failing to pay the statutorily prescribed wages for rest

18  and recovery periods and non-production time.

19      46.   Plaintiff, individually and on behalf of all other similarly situated members of the

20  Class, also seeks remedies for unfair competition and unlawful, unfair, or fraudulent business

21  practices, which deprived Plaintiff and her fellow members of the Class of their proper wages,

22  compensation, and benefits in a calculated effort to illegally reduce payroll costs and increase

23  Defendants' profits.

24      47.   At all times pertinent hereto, California Business and Professions Code §17200

25  provided in pertinent part: "As used in this chapter, unfair competition shall mean and include

26  any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

27  misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of

28  Part 3 of Division 7 of the Business and Professions Code."

-12-

**COMPLAINT**

48.     At all times pertinent hereto, California Business and Professions Code §17201 provided in pertinent part: "As used in this chapter, the term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons."

49.     At all times pertinent hereto, California Business and Professions Code §17202 provided in pertinent part: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

50.     At all times pertinent hereto, California Business and Professions Code §17203 provided in pertinent part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure..."

51.     At all times pertinent hereto, California Business and Professions Code §17205 provided in pertinent part: "Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state."

52.     In response to the COVID-19 pandemic, and pursuant to Judicial Council of California's adoption of California Rules of Court Emergency Rule 9, the statute of limitations for the claims alleged in the instant complaint were tolled from April 6, 2020 to October 1, 2020.

///

///

///

-13-

**COMPLAINT**

## CLASS ALLEGATIONS

53.     The Class consists of all current and former, non-exempt employees who worked as licensed vocational nurses for Defendants in the State of California, at any time during the period of four years prior to the filing of the complaint in this action up to the present (the "Class").

54.     The "Class" is comprised of the following Sub-Classes:

(a) Unpaid Wage and Compensation Sub-Class: Those members of the Class who earned wages and compensation;

(b) Overtime Subclass: Those members of the Class who worked in excess of 8 hours in a day, 40 hours in a work week, and/or worked on the 7th consecutive day of a work week;

(c) Rest Period Sub-Class: Those members of the Class who worked in excess of 4 hours a day and/or in excess of 6 hours a day;

(d) Meal Period Sub-Class: Those members of the Class who worked in excess of 5 hours a day and/or in excess of 10 hours a day;

(e) Untimely Payment of Wages-Compensation Sub-Class: Those members of the Class who were paid wages and other compensation by Defendants;

(f) Waiting Time Sub-Class: Those members of the Class who were terminated or quit from the employ of Defendants;

(g) Indemnification Sub-Class: Those members of the Class who incurred expenditures in the discharge of their duties to Defendants;

(h) Wage-Statement Sub-Class: Those members of the Class who received a Wage Statement from Defendants within one year prior to filing of this action, up to, and including, the present;

(i) Labor Code §2810.5 Notice Sub-Class: The members of the Class; and

(j) Unfair Business Practice Sub-Class: The members of the Class.

55.     Plaintiff reserves the right pursuant to California Rules of Court Rule 3.765, to amend or modify the respective definitions of the Class and/or Sub-Classes to provide greater specificity and/or further division into subclasses or limitation to particular issues.

-14-

56.     Plaintiff and putative Class Representative, MERCEDES HALDY, were employed with Defendants during the proposed class period, as a member of the non-exempt employees comprising the Class.

57.     Plaintiff is informed, believes, and thereon alleges that Defendants have consistently maintained and enforced against Plaintiff and her fellow members of the Class the following unlawful practices and policies: willfully refusing to pay Plaintiff and her fellow members of the Class all of their earned wages and compensation, including minimum, regular and overtime wages; requiring Plaintiff and her fellow members of the Class to work "off the clock" to complete their job duties; not permitting Plaintiff and her fellow members of the Class to take all of their statutorily entitled rest periods; not providing Plaintiff and her fellow members of the Class the opportunity to take all of their statutorily entitled meal periods; failing to pay Plaintiff and her fellow members of the Class one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; not timely paying Plaintiff and her fellow members of the Class all of their earned wages and compensation; not indemnifying Plaintiff and her fellow members of the Class for all work related expenses, tools and equipment; failing to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7 compliant wage statements; not timely paying Plaintiff and her fellow members of the Class all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting; not providing Plaintiff and her fellow members of the Class a written notice in accordance with Labor Code § 2810.5; and/or failing to pay the statutorily prescribed wages for rest and recovery periods.

58.     Plaintiff is informed, believes, and thereon alleges that the number of members of the Class number less than one hundred (100). Further, the Class is so numerous that joinder of all members individually would be impractical.

59.     Plaintiff is informed, believes, and thereon alleges that all members of the Class are similarly situated in that, throughout their employment, they were subject to Defendants' uniform policies and practices whereby Defendants regularly and systematically violated

-15-

1   California labor law, including: willfully refused to pay Plaintiff and her fellow members of the

2   Class all of their earned wages and compensation, including minimum, regular and overtime

3   wages; required Plaintiff and her fellow members of the Class to work "off the clock" to complete

4   their job duties; did not permit Plaintiff and her fellow members of the Class to take all of their

5   statutorily entitled rest periods; did not provide Plaintiff and her fellow members of the Class the

6   opportunity to take all of their statutorily entitled meal periods; failed to pay Plaintiff and her

7   fellow members of the Class one hour of compensation at their regular rate of pay, for each

8   earned rest period not permitted and/or each earned meal period not provided; failed to timely pay

9   Plaintiff and her fellow members of the Class all of their earned wages and compensation; failed

10   to indemnify Plaintiff and her fellow members of the Class for all work related expenses, tools

11   and equipment; failed to furnish to Plaintiff and her fellow members of the Class accurate Labor

12   Code § 226.7 compliant wage statements; failed to timely pay Plaintiff and her fellow members

13   of the Class all of their earned wages, compensation and benefits immediately at the termination

14   of their employment or within seventy-two hours of them quitting; and/or failed to provide

15   Plaintiff and her fellow members of the Class a written notice in accordance with Labor Code §

16   2810.5.

17       60.    Plaintiff is informed, believes, and thereon alleges that Defendants' uniform

18   policies and practices, whereby Defendants regularly and systematically violated California labor

19   law, as described in detail in this Complaint, have affected each member of the Class, including

20   Plaintiff, in a similar fashion.

21       61.    Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful

22   employment policies and practices, raise questions of fact common to the members of the Class,

23   including, whether Defendants: refused to pay Plaintiff and her fellow members of the Class all of

24   their earned wages and compensation, including minimum, regular and overtime wages; required

25   Plaintiff and her fellow members of the Class to work "off the clock" to complete their job duties;

26   did not permit Plaintiff and her fellow members of the Class to take all of their statutorily entitled

27   rest periods; did not provide Plaintiff and her fellow members of the Class the opportunity to take

28   all of their statutorily entitled meal periods; failed to pay Plaintiff and her fellow members of the

-16-

**COMPLAINT**

1    Class one hour of compensation at their regular rate of pay, for each earned rest period not

2    permitted and/or each earned meal period not provided; failed to timely pay Plaintiff and her

3    fellow members of the Class all of their earned wages and compensation; failed to indemnify

4    Plaintiff and her fellow members of the Class for all work related expenses, tools and equipment;

5    failed to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7

6    compliant wage statements; failed to timely pay Plaintiff and her fellow members of the Class all

7    of their earned wages, compensation and benefits immediately at the termination of their

8    employment or within seventy-two hours of them quitting; and/or failed to provide Plaintiff and

9    her fellow members of the Class a written notice in accordance with Labor Code § 2810.5.

10          62.     Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful

11    employment policies and practices, raise numerous questions of law common to the members of

12    the Class, including, without limitation: (i) whether the provisions of the Labor Code and 8 CCR

13    § 11050 include the employer's obligation to pay all earned wages and to pay all such earned

14    wages at the time of the termination of a member of the Class' employment; (ii) Defendants'

15    legal obligation to permit members of the Class to take paid rest periods of ten (10) consecutive,

16    uninterrupted minutes for shifts in excess of four hours and a second rest period for shifts in

17    excess of six hours; (iii) Defendants' legal obligation to provide members of the Class the

18    opportunity to take meal periods of thirty (30) consecutive, uninterrupted minutes for shifts in

19    excess of five hours and a second meal period for shifts in excess of ten hours; (iv) whether

20    Defendants' obligation to provide Labor Code § 226 compliant wage statements to the members

21    of the Class are applicable to non-exempt employees such as the Plaintiff and her fellow members

22    of the Class; (v) Defendants' obligation to provide Plaintiff and her fellow members of the Class

23    written notice in accordance with Labor Code § 2810.5; (vi) what tools and equipment were

24    mandated by Defendants and necessary for the work to be performed; (vii) Defendants' obligation

25    to reimburse Plaintiff and her fellow members of the Class for work-related expenses; (viii) what

26    remedies, including restitution, compensatory damages, punitive damages, statutory and civil

27    penalties, additional wages and disgorgement of revenue, are available under California law to

28    members of the Class who: were not paid all earned wages, compensation and benefits; were not

-17-

**COMPLAINT**

1   timely paid all earned minimum, regular, overtime, compensation and benefits; were not paid all

2   wages earned at the time of the termination of their employment relationship with Defendants;

3   were not provided lawful wage statements; were not permitted to take earned ten (10) minute rest

4   periods; and/or were not provided earned thirty (30) minute meal periods; were not provided

5   written notice in accordance with Labor Code § 2810.5; were not reimbursed for work related

6   expense and/or mandated tools and equipment necessary for the job; (ix) the Class members'

7   entitlement to take a paid ten consecutive minute, uninterrupted, rest period for shifts worked in

8   excess of 3.5 (3.5) hours and a second rest period of not less than ten consecutive minutes,

9   uninterrupted, for shifts worked of at least six (6) hours in a given workday; (x) the Class

10  members' entitlement to take a thirty consecutive minute, uninterrupted, meal period for shifts

11  worked in excess of five (5) hours and a second meal period of not less than thirty consecutive

12  minutes, uninterrupted, for shifts worked of at least ten (10) hours in a given workday; (xi) the

13  Class members' entitlement to one hour of pay at the members' regular rate of pay for each paid

14  ten (10) consecutive minute, uninterrupted, rest period that Defendants did not permit the Class

15  members to take; (xii) the Class members' entitlement to one hour of pay at the members' regular

16  rate of pay for each thirty (30) consecutive minute, uninterrupted, meal period that Defendants

17  did not provide the Class members to take; (xiii) the requirements for a wage statement to be

18  compliant with Labor Code § 226; (xiv) the requirements for a written notice to be compliant

19  with Labor Code § 2810.5; (xv) whether Plaintiff and her fellow members of the Class are exempt

20  from the provisions of the Wage Order applicable to their employment with Defendants.

21        63.     Plaintiff is informed, believes, and thereon alleges that the claims of Plaintiff are

22  typical of the claims of the Class because: they encompass the same unlawful policies and

23  practices of Defendants; they arise out of the same alleges course of conduct by Defendants; are

24  based upon the same legal theories as the claims of the Class; and the legal issues raised under the

25  California state laws as a result of Defendants' conduct apply equally to Plaintiff and her fellow

26  members of the Class.

27        64.     Plaintiff has no conflicts of interest with their fellow members of the Class and

28  will be able to fairly and adequately protect the interests of all members of the Class.

-18-

**COMPLAINT**

65.    Plaintiff is informed, believes, and thereon alleges that Paul J. Denis and Ethan E. Rasi, of the Denis & Rasi, PC, are able to adequately represent the Class, as class counsel, with respect to the claims advanced in this action.

66.    The prosecution of separate actions by or against individual members of the Class would create a risk of substantial prejudice because separate actions could result in the imposition of incompatible standards of conduct on the party opposing class certification through inconsistent judgments or varying adjudications.  Further, adjudication with respect to individual members of the Class could, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudication and/or could substantially impair or impede their ability to protect their interests.

67.    Plaintiff is informed, believes, and thereon alleges that Defendants have acted and refused to act on grounds generally applicable to all or substantially all of the members of the Class.

68.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy in that members of the Class have little or no interest in individually controlling the prosecution of separate actions; Plaintiff is aware of no other litigation concerning the controversy already commenced by members of the Class; it is desirable to concentrate the litigation of the claims in this court because substantially all of Plaintiff's employment activities for which their claims arise took place within the venue of the above-entitled court and Defendants otherwise conduct business in this jurisdiction; and the action is manageable as a class action because, compared with any other method, such as consolidation of individual actions, a class action is fairer and more efficient, and avoids the potential for inconsistent findings of fact and/or application of law.  Furthermore, a class action would maximize judicial efficiency and minimize the inconvenience to both party and non-party witnesses who would otherwise have to testify in a multitude of proceedings.

///

///

-19-

**COMPLAINT**

**FIRST CAUSE OF ACTION**

**(FAILURE TO PAY ALL EARNED WAGES)**

**(Against All Defendants)**

69.     Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

70.     Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiff and members of the Class were not exempt managerial, administrative, or professional employees.

71.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed to pay Plaintiff and their similarly situated members of the Class for all the time worked as a result of Defendants' labor policies and practices, including, but not limited to: willfully refused to pay Plaintiff and her fellow members of the Class all of their earned wages and compensation, including minimum, regular and overtime wages; required Plaintiff and her fellow members of the Class to work "off the clock" to complete their job duties; did not permit Plaintiff and her fellow members of the Class to take all of their statutorily entitled rest periods; did not provide Plaintiff and her fellow members of the Class the opportunity to take all of their statutorily entitled meal periods; failed to pay Plaintiff and her fellow members of the Class one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; failed to timely pay Plaintiff and her fellow members of the Class all of their earned wages and compensation; failed to indemnify Plaintiff and her fellow members of the Class for all work related expenses, tools and equipment; failed to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7 compliant wage statements; failed to timely pay Plaintiff and her fellow members of the Class all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting; and/or failed to provide Plaintiff and her fellow members of the Class a written notice in accordance with Labor Code § 2810.5.

72.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed and refused and continue to fail and refuse to pay compensation for all hours worked by Plaintiff and her fellow members of the Class at their regular rate of pay.

-20-

**COMPLAINT**

73.   As a result of Defendants' conduct, Plaintiff and her fellow members of the Class are entitled to a recovery of damages for all unpaid wages at the proper rates of pay as restitution from Defendants.

74.   At all times pertinent hereto, California Labor Code § 1194 provided, in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

75.   At all times pertinent hereto, California Labor Code § 1194.2 provided, in pertinent part: "(a) In any action under Section 98,1193.6, or 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

76.   At all times pertinent hereto, Labor Code § 1194.3 provided for the recovery of attorney's fees and costs in any action brought to recover the nonpayment of minimum wages.

77.   Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of the Class of monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including those which carry criminal penalties for noncompliance.

## SECOND CAUSE OF ACTION

### (FAILURE TO PAY ALL EARNED OVERTIME WAGES)

### (Against All Defendants)

78.   Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

-21-

79.     Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiff and her fellow members of the Class were not exempt managerial, administrative, or professional employees.

80.     Plaintiff is informed, believes, and thereon alleges that for each day and week within the applicable limitations period, during the course of their employment with Defendants, Plaintiff and her fellow members of the Class performed work without being paid the required overtime wage under California law, including, but not limited to, the Wage Order and Labor Code § 1182.12.

81.     Plaintiff is informed, believes, and thereon alleges that for each day and week within the applicable limitations period, during the course of their employment with Defendants, Plaintiff and her fellow members of the Class performed work in excess of eight hours per day, forty hours per week, and/or the first eight hours of work on a seventh consecutive day as well as double their regular rate of pay for work in excess of twelve hours per day or in excess of eight hours on the seventh consecutive day of work, without being paid the required overtime wages under California law, including, but not limited to, the Wage Order and Labor Code §§ 510, 512.

82.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed, refused and continue to fail and refuse to pay Plaintiff and her fellow members of the Class one and one-half times their regular rate of pay for hours worked in excess of 8 hours in a given day, 40 hours in a given seven day period, in addition to the first 8 hours of the seventh consecutive day of work; as well as double their regular rate of pay for work in excess of twelve hours per day, or in excess of eight hours on the seventh consecutive day of work.

83.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully altered timecards and payroll records by artificially and excessively deducting, and/or not accurately recording time from the hours worked by Plaintiff and her fellow members of the Class despite the fact that they continued to work during said period so deducted and/or not recorded. Said unlawful reductions substantially reduced the earned hours worked for which Plaintiff and members of the Class received their minimum wage and/or improperly changed payment of hours

-22-

**COMPLAINT**

1  that should have been compensated at an overtime rate to wages calculated at their regular rate of

2  pay.

3     84. As a result of Defendants' conduct, Plaintiff and her fellow members of the Class

4  are entitled to a recovery of damages for all unpaid overtime wages at the proper rates of pay as

5  restitution from Defendants.

6     85. At all times pertinent hereto, California Labor Code § 1194 provided:

7  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the

8  legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

9  recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

10  compensation, including interest thereon, reasonable attorney's fees, and costs of suit".

11     86. At all times pertinent hereto, Labor Code § 1194.3 provided for the recovery of

12  attorney's fees and costs in any action brought to recover the nonpayment of minimum or

13  overtime wages.

14     87. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of

15  them, by and through their respective corporate officers, directors, and managing agents, ordered,

16  authorized, approved, or ratified the conduct herein alleges with the intent to deprive Plaintiff and

17  her fellow members of the Class of the minimum and overtime wages to which they were entitled

18  under California law so as to increase Defendants' profits, notwithstanding their statutory

19  obligations, including those which carry criminal penalties for noncompliance.

20           **THIRD CAUSE OF ACTION**

21     **(FAILURE TO PERMIT PAID 10 MINUTE REST PERIODS)**

22        **(Against All Defendants)**

23     88. Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

24  alleged in this complaint, as though fully set forth herein.

25     89. Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was

26  Plaintiff or any fellow member of the Class properly classified as an exempt managerial,

27  administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that

28

-23-

**COMPLAINT**

1  neither they nor any fellow member of the Class spent more than one-half of their time working

2  on managerial, administrative, or professional tasks during the relevant time periods.

3         90.    Plaintiff is informed, believes, and thereon alleges that Defendants have

4  consistently and continuously promulgated and enforced policies and practices, each day and

5  week of each pay period within the applicable limitations period, under which Plaintiff and her

6  fellow members of the Class regularly worked shifts in excess of four hours without being

7  permitted the opportunity to take a paid rest period of at least ten (10) consecutive minutes,

8  uninterrupted, relieved of all job duties, and worked more than six (6) hours at a time without

9  being allowed a second paid ten (10) consecutive minute, uninterrupted, rest period, relieved of

10  all job duties.

11         91.    Plaintiff is informed, believes, and thereon alleges that no member of the Class has

12  ever been paid their earned compensation for work performed by members of the Class during the

13  rest period to which they were entitled, yet not provided the opportunity to take, as well as

14  additional monies required under Labor Code § 226.7. Instead, Defendants have unlawfully failed

15  and refused and continue to fail and refuse to pay monies to Plaintiff and her fellow members of

16  the Class for labor performed during the rest periods which Defendants refused to permit Plaintiff

17  and her fellow members of the Class opportunity to take.

18         92.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

19  their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

20  and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow

21  members of the Class of the monies to which they were and are entitled under California law, so

22  as to increase Defendants' profits, notwithstanding clear statutory obligations, including

23  obligations which carry criminal penalties for noncompliance.

## FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE 30 MINUTE MEAL PERIODS)

### (Against All Defendants)

27         93.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

28  alleged in this complaint, as though fully set forth herein.

-24-

**COMPLAINT**

94.     Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was the Plaintiff or any fellow member of the Class properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither Plaintiff nor fellow members of the Class member spent more than one-half of their time working on managerial, administrative, or professional tasks during the Class Period.

95.     Plaintiff is informed, believes, and thereon alleges that during each day and week of each pay period within the applicable limitations period, Defendants have consistently and continuously promulgated and enforced policies and practices under which the Plaintiff and her fellow members of the Class regularly worked more than five (5) hours at a time without being permitted the opportunity to take a meal period of at least thirty (30) consecutive minutes, uninterrupted, relieved of all job duties, and worked more than ten (10) hours at a time without being allowed a second thirty (30) consecutive minute, uninterrupted, meal period, relieved of all job duties.

96.     The nature of the work performed by Plaintiff and her fellow members of the Class did not prevent them from being relieved of all job duties.

97.     Plaintiff is informed, believes, and thereon alleges that neither Plaintiff nor fellow members of the Class have ever been paid their earned compensation for work they performed during the meal period to which they were entitled, yet not provided the opportunity to take, as well as additional monies required under Labor Code § 226.7. Instead, Defendants unlawfully failed, refused and continue to fail and refuse to pay monies to Plaintiff and the Class for labor performed during the meal periods which Defendants refused to provide Plaintiff and her fellow members of the Class the opportunity to take.

98.     Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of the Class of monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

-25-

## FIFTH CAUSE OF ACTION

### (FAILURE TO TIMELY PAY ALL EARNED WAGES AND COMPENSATION)

#### (Against All Defendants)

99.     Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

100.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 204 provided that all wages, other than those mentioned in Labor Code § 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

101.     Plaintiff is informed, believes, and thereon alleges that Defendants failed to timely tender Plaintiff and her fellow members of the Class all of their earned minimum and regular wages, overtime wages, and Labor Code § 226.7 compensation, earned by Plaintiff and her fellow members of the Class, in accordance with California law, including, but not limited to, Labor Code § 204, such that labor performed between the 1st and 15th days, inclusive, of any calendar month was not paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, was not paid for between the 1st and 10th day of the following month.

102.     Plaintiff is informed, believes, and thereon alleges that as a consequence of Defendants' failure to timely tender Plaintiff and her fellow members of the Class all of their earned minimum and regular wages, overtime wages, and Labor Code § 226.7 compensation, Plaintiff was deprived of the timely receipt of their earned wages and other compensation and, as a result thereof, were deprived of the interest and monetary appreciation that would accrue on said monies - financial growth which Defendants were afforded the opportunity to realize as a

-26-

**COMPLAINT**

1  consequence of their unlawful and unfair withholding of said wages and compensation earned by,

2  and due and owing, Plaintiff and her fellow members of the Class.

3  103.  At all times pertinent hereto, California law, including, but not limited to, Labor

4  Code § 215 provided, "Any person, or the agent, manager, superintendent or officer thereof, who

5  violates any provision of Section 201.3, 204, 204b, 205, 207, 208, 209, or 212 is guilty of a

6  misdemeanor. Any failure to keep posted any notice required by Section 207 is prima facie

7  evidence of a violation of these sections."

8  104.  At all times pertinent hereto, California law, including, but not limited to, Labor

9  Code § 216 provided, "In addition to any other penalty imposed by this article, any person, or an

10  agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the

11  ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b)

12  Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for

13  himself, his employer or other person, any discount upon such indebtedness, or with intent to

14  annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

15  105.  Plaintiff is informed, believes, and thereon alleges that Defendants, and each of

16  them, by and through their respective corporate officers, directors, and managing agents, ordered,

17  authorized, approved, or ratified the conduct herein alleged with the intent to deprive Plaintiff and

18  fellow members of the Class of the wages to which they were entitled under California law so as

19  to increase Defendants' profits, regardless of their statutory obligations, including those which

20  carry criminal penalties for noncompliance.

21  <u>**SIXTH CAUSE OF ACTION**</u>

22  **(FAILURE TO PAY ALL EARNED WAGES AND**

23  **COMPENSATION UPON TERMINATION OF EMPLOYMENT)**

24  **(Against All Defendants)**

25  106.  Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

26  alleged in this complaint, as though fully set forth herein.

27

28

-27-

**COMPLAINT**

EXHIBIT 2, Page 90

107.   At all times pertinent hereto, Labor Code § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

108.   At all times pertinent hereto, Labor Code § 202 provided that if an employee not having a written contract for a definite period quits their employment, their wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

109.   Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Plaintiff and members of the Class' employment relationship with Defendants was terminated without Defendants paying all wages, compensation and benefits due Plaintiff and her fellow members of the Class in the time period prescribed by the Labor Code.

110.   Plaintiff is informed, believes, and thereon alleges that Plaintiff and her fellow members of the Class have been available and ready to receive wages, compensation and benefits owed to them.

111.   Plaintiff is informed, believes, and thereon alleges that Plaintiff and the fellow members of the Class have not refused to receive any payment, nor have Plaintiff or the fellow members of the Class been absent from their regular place of residence to receive the wages, compensation and benefits due and owing them by Defendants.

112.   Plaintiff is informed, believes, and thereon alleges that Defendants' failure to pay Plaintiff and her fellow members of the Class their wages, compensation and benefits due and owing, as set forth in detail herein, was willful; Defendants have knowingly refused to pay Plaintiff and her fellow members of the Class all of the wages, compensation, and benefits due and owing Plaintiff and her fellow members of the Class.

113.   At all times pertinent hereto, Labor Code § 203 provided that an employer who willfully fails to pay, without abatement or reduction, in accordance with Labor §§ 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the daily wages of the

-28-

1    employee shall continue as a penalty from the due date thereof at the same daily rate until paid or

2    until an action therefore is commenced up to, but not more than thirty (30) days.

3        114.    At all times pertinent hereto, Labor Code § 216 provided that in addition to any

4    other penalty imposed by the article, any person, or an agent, manager, superintendent, or officer

5    thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay

6    wages due and payable after demand has been made; (b) Falsely denies the amount or validity

7    thereof, or that the same is due, with intent to secure for himself, their employer or other person,

8    any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or

9    defraud, the person to whom such indebtedness is due.

10        115.    At all times pertinent hereto, California law, including, but not limited to, Labor

11    Code § 1194, provided that for any action brought for the nonpayment of wages, fringe benefits,

12    or health and welfare or pension fund contributions, the court shall award reasonable attorney's

13    fees and costs to the prevailing party if any party to the action requests attorney's fees and costs

14    upon the initiation of the action.

15        116.    At all times pertinent hereto, Labor Code § 1194.2 provided that in any action

16    brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages

17    at the rate of interest specified in Civil Code § 3289(b), which shall accrue from the date that the

18    wages were due and payable.

19        117.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

20    their respective officers, directors, and managing agents, ordered, authorized, approved and/or

21    ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of

22    Class of the monies to which they were entitled under California law, so as to increase

23    Defendants' profits, regardless of their statutory obligations, including those which carry criminal

24    penalties for noncompliance.

25    ///

26    ///

27    ///

28    ///

**COMPLAINT**

EXHIBIT 2, Page 92

## SEVENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS)

### (Against All Defendants)

118.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

119.    At all times pertinent hereto, California Labor Code § 226 required Defendants, at the time of each payment of wages, to furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, . . . (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

120.    Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Defendants failed to provide an itemized statement in writing that complied with Labor Code § 226, including, but not limited to, the following:  failing to accurately report the total number of hours actually worked by Plaintiff and her fellow members of the Class; failing to accurately record all earned overtime; failing to list the applicable hourly rate in effect during the pay period and accurately record the corresponding number of hours worked at each hourly rate by Plaintiff and their fellow members of the Class.

121.    As a result of Defendants' failure, Plaintiff and her fellow members of the Class are entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurred and one hundred dollars per for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, plus costs and reasonable attorney's fees pursuant to California law, including, but not limited to, Labor Code §226(e).

///

-30-

## EIGHTH CAUSE OF ACTION

### (FAILURE TO INDEMNIFY)

#### (Against All Defendants)

122.   Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

123.   At all times pertinent hereto, Section 8 the Wage Order provided, "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

124.   At all times relevant hereto, California law, including, but not limited to, Labor Code § 2802, provided in pertinent part: "(a) An employer shall indemnify his or their employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties, or of his or their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

125.   Plaintiff is informed, believes, and thereon alleges that during the period of four years prior to the filing of the complaint in this action up to the present Defendants violated Labor Code §2802 by failing to indemnify Plaintiff and her fellow members of the Class for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties. Such failures include, but are not limited to, back-charging Plaintiff and her fellow members of the Class for purportedly failed quality control assessments and any lost equipment.

126.   At all times relevant hereto, California law, including, but not limited to, provision 9 of the governing Industrial Welfare Commission Wage Order, provided in pertinent part: "9. UNIFORMS AND EQUIPMENT ...(B) When such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

-31-

COMPLAINT

127.   Plaintiff is informed, believes, and thereon alleges that during the period of four years prior to the filing of the complaint in this action up to the present Defendants violated provision 9 of the governing Industrial Welfare Commission Wage Order by failing to provide Plaintiff and her fellow members of the Class tools or equipment that were required by Defendants or were necessary to the performance of the job. Such tools and equipment include, but are not limited to: cellphone/mobile phones with the company required customer service software/"app" installed.

128.   At all times relevant hereto, California law, including, but not limited to, Labor Code § 2802, provided in pertinent part: "(a) An employer shall indemnify his or their employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties, or of his or their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. (b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.  (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

129.   Plaintiff and fellow members of the Class have incurred costs and attorneys' fees, and will continue to incur costs and attorneys' fees to enforce their rights and the rights of their fellow members of the Class under the Labor Code.  Plaintiff and fellow members of the Class are entitled to recover their reasonable attorneys' fees and costs in an exact amount to be proven at trial.

130.   Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiff and her fellow members of the Class of monies and other benefits to which they were and are entitled under

-32-

**COMPLAINT**

1    California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations,

2    including obligations which carry criminal penalties for noncompliance.

3                                **NINTH CAUSE OF ACTION**

4              **(VIOLATION OF CALIFORNIA WAGE THEFT PREVENTION ACT)**

5                                **(Against All Defendants)**

6          131.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations

7    alleged in this complaint, as though fully set forth herein.

8          132.    At all times pertinent hereto, California's Wage Theft Prevention Act, codified in

9    part in California Labor Code § 2810.5, provided in pertinent part: (a) (1) At the time of hiring, an

10   employer shall provide to each employee a written notice, in the language the employer normally

11   uses to communicate employment-related information to the employee, containing the following

12   information: (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

13   week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.

14   (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging

15   allowances. (C) The regular payday designated by the employer in accordance with the

16   requirements of this code. (D) The name of the employer, including any "doing business as"

17   names used by the employer. (E) The physical address of the employer's main office or principal

18   place of business, and a mailing address, if different. (F) The telephone number of the employer.

19   (G) The name, address, and telephone number of the employer's workers' compensation

20   insurance carrier. (H) That an employee: may accrue and use sick leave; has a right to request and

21   use accrued paid sick leave; may not be terminated or retaliated against for using or requesting

22   the use of accrued paid sick leave; and has the right to file a complaint against an employer who

23   retaliates. (I) Any other information the Labor Commissioner deems material and necessary.

24   …(b) An employer shall notify his or her employees in writing of any changes to the information

25   set forth in the notice within seven calendar days after the time of the changes, unless one of the

26   following applies: (1) All changes are reflected on a timely wage statement furnished in

27   accordance with Section 226. (2) Notice of all changes is provided in another writing required by

28   law within seven days of the changes.

133.    Plaintiff is informed, believes, and thereon alleges that all times pertinent hereto, Defendants were not security services companies licensed by the Department of Consumer Affairs and that solely provided security services.

134.    At all times pertinent hereto, neither Plaintiff nor her fellow members of the Class were employees directly employed by the state or any political subdivision thereof, including any city, county, city and county, or special district.

135.    At all times pertinent hereto, neither Plaintiff nor her fellow members of the Class were employees who were exempt from the payment of overtime wages by statute or the wage orders of the Industrial Welfare Commission.

136.    At all times pertinent hereto, neither Plaintiff nor her fellow members of the Class were employees who were covered by a valid collective bargaining agreement which expressly provided for the wages, hours of work, and working conditions of the employee, or an agreement which provided premium wage rates for all overtime hours worked and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage.

137.    Plaintiff is informed, believes, and thereon alleges that at no time during the Class Period did Defendants provide either Plaintiff or her fellow members of the Class the written notice required pursuant to the California's Wage Theft Prevention Act, codified in part in California Labor Code § 2810.5.

## TENTH CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES)

### (Against All Defendants)

138.    Plaintiff hereby re-alleges and incorporates by reference all facts and allegations alleged in this complaint, as though fully set forth herein.

139.    Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Defendants reaped substantial unjust revenue by, inter alia: (a) willfully refusing to pay Plaintiff and her fellow members of the Class all of their earned wages and compensation, including minimum, regular, and overtime wages, by requiring, inter alia, Plaintiff and her fellow members of the Class to work "off the clock" to

-34-

1   complete their job duties, rounding down hours, not recording hours, and/or artificially deducting

2   one-half hour from shifts in excess of five hours; (b) not permitting Plaintiff and her fellow

3   members of the Class to take all of their statutorily entitled rest periods; (c) not providing Plaintiff

4   and her fellow members of the Class the opportunity to take all of their statutorily entitled meal

5   periods; (d) failing to pay Plaintiff and her fellow members of the Class one hour of

6   compensation at their regular rate of pay, for each earned rest period not permitted and/or each

7   earned meal period not provided; (e) not indemnifying Plaintiff and her fellow members of the

8   Class for all work related expenses and/or reimbursing Plaintiff and her fellow members of the

9   Class for tools and equipment mandated by Defendants and/or necessary for the job; (f) not

10  timely paying Plaintiff and her fellow members of the Class all of their earned wages and

11  compensation; (g) failing to furnish to Plaintiff and her fellow members of the Class accurate

12  Labor Code § 226.7 compliant wage statements; (h) not timely paying Plaintiff and her fellow

13  members of the Class all of their earned wages, compensation and benefits immediately at the

14  termination of their employment or within seventy-two hours of them quitting; (i) not

15  indemnifying Plaintiff and her fellow members of the Class for all work related expenses and/or

16  reimbursing Plaintiff and her fellow members of the Class for tools and equipment mandated by

17  Defendants and/or necessary for the job; (j) not providing Plaintiff and her fellow members of the

18  Class a written notice in accordance with Labor Code § 2810.5; and/or (k) failing to abide by

19  other provisions of the California Labor Code and Code of Regulations, including, without

20  limitation, Labor Code §§ 90 et seq., 200 et seq., 510, 512, 1194 and other sections, as well as the

21  Wage Order.

22      140.    Plaintiff is informed, believes, and thereon alleges that during the period of four

23  years prior to the filing of the complaint in this action up to the present Defendants committed

24  unfair and unlawful business acts including, but not limited to, inter alia: (a) willfully refusing to

25  pay Plaintiff and her fellow members of the Class all of their earned wages and compensation,

26  including minimum, regular, and overtime wages, by requiring, inter alia, Plaintiff and her fellow

27  members of the Class to work "off the clock" to complete their job duties, not recording hours

28  worked; rounding down hours, and/or artificially deducting one-half hour from shifts in excess of

-35-

**COMPLAINT**

1    five hours; (b) not permitting Plaintiff and her fellow members of the Class to take all of their

2    statutorily entitled rest periods; (c) not providing Plaintiff and her fellow members of the Class

3    the opportunity to take all of their statutorily entitled meal periods;  (d) failing to pay Plaintiff and

4    her fellow members of the Class one hour of compensation at their regular rate of pay, for each

5    earned rest period not permitted and/or each earned meal period not provided; (e) failing to pay

6    Plaintiff and her fellow members of the Class all of their earned benefits; (f) not timely paying

7    Plaintiff and her fellow members of the Class all of their earned wages and compensation; (g)

8    failing to furnish to Plaintiff and her fellow members of the Class accurate Labor Code § 226.7

9    compliant wage statements; (h) not timely paying Plaintiff and her fellow members of the Class

10   all of their earned wages, compensation and benefits immediately at the termination of their

11   employment or within seventy-two hours of them quitting; (i) not indemnifying Plaintiff and her

12   fellow members of the Class for all work related expenses and/or reimbursing Plaintiff and her

13   fellow members of the Class for tools and equipment mandated by Defendants and/or necessary

14   for the job; (j) not providing Plaintiff and her fellow members of the Class a written notice in

15   accordance with Labor Code § 2810.5; and/or (k) failing to abide by other provisions of the

16   California Labor Code and Code of Regulations, including, without limitation, Labor Code §§ 90

17   et seq., 200 et seq., 510, 512, 1194 and other sections, as well as the Wage Order. Such conduct

18   by Defendants constitutes unfair competition and unfair business practices, as such terms are

19   described in Business and Professions Code § 17200, et seq.

20        141.   Pursuant to Business and Professions Code § 17203, the court is authorized to

21   make such orders or judgments as may be necessary to prevent the use or employment by any

22   such person or entity of any such practice which constitutes unfair competition or as may be

23   necessary to restore to any person in interest any money or property which may have been

24   acquired by means of such unfair competition.

25        142.   Plaintiff is informed, believes, and thereon alleges that Defendants have violated

26   California labor law as detailed herein and, unless restrained and ordered to disgorge to Plaintiff

27   and her fellow members of the Class, as restitution, all ill-gotten revenue derived from

28   Defendants' unfair and unlawful business practices detailed herein, Defendants will continue to

-36-

**COMPLAINT**

EXHIBIT 2, Page 99

1    violate Unfair Competition Law by engaging in the business practices violative of California

2    labor law as detailed hereinabove.

3                                    **PRAYER**

4           143.   NOW, THEREFORE, Plaintiff, individually and on behalf of her fellow members

5    of the Class, prays for judgment against Defendants, and each of them, as follows:

6           144.   For all earned minimum, regular rate, and overtime wages as restitution and

7    compensatory damages in an amount according to proof at the time of trial;

8           145.   For statutory and civil penalties as authorized by statute including, but not limited

9    to, the California Labor Code;

10          146.   For additional monies equal to one hour of pay pursuant Labor Code § 226.7, for

11   each earned rest period Plaintiff and her fellow members of the Class were not permitted to take,

12   and for each earned meal period that Defendants failed to provide;

13          147.   For the greater of actual damages sustained or penalties as authorized by statute,

14   including, but not limited to, the California Labor Code;

15          148.   For compensatory damages comprised of the following: the respective earned

16   minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation,

17   benefits, and interest earned by Plaintiff and her fellow members of the Class, but not paid by

18   Defendants, as detailed hereinabove, in an identifiable amount which Defendants were statutorily

19   required to specify and record;

20          149.   For injunctive relief, including but not limited to an order, compelling Defendants:

21   (a) to accurately record: (1) all time worked by Plaintiff and her fellow members of the Class; (b)

22   reimburse for work-related expenses; and (c) provide Plaintiff and her fellow members of the

23   Class the required Wage Theft Prevention Act Notice;

24          150.   For reasonable attorney's fees and costs pursuant to the California Labor Code and

25   Civil Code §1021.5, and as otherwise permitted by statute;

26          151.   For interest at the legal rate pursuant to Labor Code §218.6, 1194.2 and Civil Code

27   § 3289, from the date of each applicable pay period;

28

                                        -37-

152.    For punitive damages in an amount deemed sufficient by the trier of fact to punish, deter and make an example of the Defendants;

153.    For costs of suit incurred herein; and

154.    For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

155.    Plaintiff and proposed Class Representative, MERCEDES HALDY, individually and on behalf of all those similarly situated members of the Class, hereby demand trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

WHEREFORE, Plaintiff and proposed Class Representative, MERCEDES HALDY, individually and on behalf of all those similarly situated members of the Class, prays for judgment as follows:

1.    For certification of the Class and all Sub-Classes on all causes of action;

2.    For all earned minimum and regular rate wages as restitution and compensatory damages in an amount according to proof at the time of trial;

3.    For all earned overtime and double time wages as restitution and compensatory damages in an amount according to proof at the time of trial;

4.    For restitution and compensatory damages according to proof at the time of trial;

5.    For all recoverable benefits, including, but not limited to, medical care, first aid treatment, temporary disability, permanent disability, supplemental job displacement benefit, and/or death benefits.

6.    For additional monies equal to one hour of pay for each member of the Class for each work day within the statutory period of Labor Code § 226.7, in which such members worked 3.5 hours without being permitted a paid ten (10) consecutive minute, uninterrupted, rest period and/or worked 6 hours and not permitted a paid second ten (10) consecutive minute, uninterrupted, rest period;

-38-

**COMPLAINT**

7.     For additional monies equal to one hour of pay for each member of the Class for each work day within the statutory period of Labor Code § 226.7, in which such members worked five hours without being provided a thirty (30) consecutive, uninterrupted, meal period, and/or worked ten hours without being provided a second thirty (30) consecutive minute, uninterrupted, meal period;

8.     For statutory and civil penalties as authorized by statute including, but not limited to, the California Labor Code;

9.     For the greater of actual damages sustained or penalties as authorized by statute including, but not limited to, the California Labor Code;

10.     For compensatory damages comprised of the following: the respective earned minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, and interest earned by Plaintiff and his fellow members of the Class, but not paid by Defendants, as detailed hereinabove, in an identifiable amount which Defendants were statutorily required to specify and record;

11.     Liquidated damages pursuant to Labor Code §1194.2 in an amount equal to the wages unlawfully unpaid and interest thereon.

12.     For injunctive relief in the form of an order compelling Defendants to cease enforcement of their policies and practices which are in violation of the California Labor Code and the applicable Industrial Welfare Commission Wage Order as detailed herein, and compel Defendants to comply with California labor law, including, but not limited to: (a) Provide the Class Members the required Notice pursuant to the California Wage Theft Prevention Act; (b) Provide the Class Members their statutorily entitled rest, meal and recovery periods; (c) Procure, maintain, and provide workers compensation insurance for the Class Members; (d) Permit the Class Members to inspect and copy their wage and personnel records; (e) Provide the Class Members their statutorily entitled sick days; (f) Provide the Class Members Labor Code §226 compliant wage statements;

13.     Recovery of wages unlawfully withheld as a restitutionary remedy under the Unfair Competition Law.

-39-

**COMPLAINT**

14.  For pre-judgment interest at the legal rate;

15.  For reasonable attorney's fees and costs pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 226, 1194, and 2802, and as otherwise permitted by statute;

16.  For restitution and compensatory damages according to proof, including lost earnings;

17.  For general damages;

18.  For special damages;

19.  For all damages and penalties available for violations of the California Labor Code, and the California Business and Professions Code;

20.  For costs of suit incurred; and

21.  For any other and further relief as the Court deems just and proper.

Dated: February 16, 2021          DENIS & RASI, PC

By _____
              Paul J. Denis
              Ethan E. Rasi
    Attorneys for Plaintiff MERCEDES HALDY

-40-

**COMPLAINT**

Electronically Filed by Superior Court of California, County of Orange, 02/16/2021 05:25:15 PM.
30-2021-01184247-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul Denis (State Bar No. 279026) and David Alami (State Bar No. 314628)<br>DENIS & RASI, PC<br>38 Corporate Park<br>Irvine, California 92606<br>TELEPHONE NO.: (714) 242-4557     FAX NO.: (213) 443-9601<br>ATTORNEY FOR *(Name):* Plaintiff MERCEDES HALDY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 751 W Santa Ana Blvd  700 CIVIC CENTER DR. W
MAILING ADDRESS: 751 W Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Haldy v. White House Black Market, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2021-01184247-CU-OE-CXC |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge James J. Di Cesare<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*   C-16

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* ten (10)
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2021

Paul Denis
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT 2, Page 104

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT 2, Page 105

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

EXHIBIT 2, Page 109

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                STATE:        ZIP CODE:<br>TELEPHONE NO.:                       FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
      ☐ Under section 1141.11 of the Code of Civil Procedure
      ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____      _____      _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____      _____      _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

EXHIBIT 2, Page 110

FEB 1 8 2021

# EXHIBIT 3

Electronically Filed by Superior Court of California, County of Orange, 03/18/2021 10:34:00 AM.
30-2021-01184247-CU-OE-CXC - ROA # 18 - DAVID H. YAMASAKI, Clerk of the Court By Olga Lopez, Deputy Clerk.
Case 8:21-cv-00761 Document 1-3 Filed 04/22/21 Page 116 of 137 Page ID #:116

1    JESSICA R. PERRY (STATE BAR NO. 209321)
     JULIA C. RIECHERT (STATE BAR NO. 254078)
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
3    Menlo Park, California 94025
     Telephone:    650-614-7400
4    Facsimile:    650-614-7401
     jperry@orrick.com
5    jriechert@orrick.com

6

7    MARIAM BICKNELL (STATE BAR NO. 317945)
     ORRICK, HERRINGTON & SUTCLIFFE LLP
8    2050 Main Street, Suite 1100
     Irvine, California 92614
9    Telephone:    949-567-6700
     Facsimile:    949-567-6710
10    mbicknell@orrick.com

11    Attorneys for Defendants
     WHITE HOUSE BLACK MARKET, INC. and
12    CHICO'S FAS, INC.

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14            COUNTY OF ORANGE – CIVIL COMPLEX CENTER

15

16
   MERCEDES HALDY, MOES 1 through
17    1,000, individually, and on behalf of all other
     similarly situated,
18
             Plaintiff,
19
       v.
20
   WHITE HOUSE BLACK MARKET, INC., a
21    Florida corporation; CHICO'S FAS, INC., a
     Florida corporation; and DOES 1 through 25
22    inclusive,

23              Defendants.

Case No. 30-2021-01184247-CU-OE-CXC

**DEFENDANTS' ANSWER TO
PLAINTIFF'S CLASS ACTION
COMPLAINT FOR DAMAGES**

[*Assigned for all purposes to The Honorable
James J. Di Cesare, Dept. 16*]

Complaint Filed: February 16, 2021

24

25

26

27

28

1    **TO PLAINTIFF MERCEDES HALDY AND HER ATTORNEYS OF RECORD:**

2        Defendants WHITE HOUSE BLACK MARKET, INC. and CHICO'S FAS, INC.

3    (collectively "Defendants"), hereby respond to the unverified Class Action Complaint for Damages

4    filed by Plaintiff MERCEDES HALDY, individually, and on behalf of all other similarly situated,

5    as follows:

6                              **GENERAL DENIAL**

7        Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

8    Defendants deny, generally and specifically, each and every allegation contained in the Complaint.

9    Defendants deny that this case is suitable for class treatment. Defendants deny, generally and

10   specifically, that Plaintiff and the putative class members have been damaged in any sum, or at all,

11   by reason of any act or omission on the part of Defendants, or by any act or omission by any agent

12   or employee of Defendants. Defendants further deny, generally and specifically, that Plaintiff and

13   the putative class members are entitled to any relief whatsoever.

14       As Plaintiff has pled a vague, factually deficient Complaint and class, and the parties have

15   not commenced discovery, Defendants have insufficient knowledge or information on which to

16   form a belief as to all of their defenses. Without conceding that they bear the burden of proof or

17   persuasion as to any of them and reserving their right to assert additional defenses if appropriate as

18   more information is discovered, Defendants assert the following separate defenses to the allegations

19   set forth in the Complaint.

20                         **FIRST AFFIRMATIVE DEFENSE**

21                         **(Failure to State a Cause of Action)**

22       1.      As a separate and affirmative defense to the Complaint and to each purported cause

23   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

24   the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part,

25   as Plaintiff's Complaint fails to state facts sufficient to constitute a claim of relief against

26   Defendants.

27

28

- 1 -

1

**SECOND AFFIRMATIVE DEFENSE**

2

**(Statute of Limitations)**

3    2.    As a separate and affirmative defense to the Complaint and to each purported cause

4    of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

5    the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part,

6    by one or more of the applicable statutes of limitations.

7

**THIRD AFFIRMATIVE DEFENSE**

8

**(No In Fact or Legal Cause for Damages)**

9    3.    As a separate and affirmative defense to the Complaint and to each cause of action

10    therein, Defendants allege that no conduct by or attributable to Defendants was the cause in fact or

11    legal cause of the damages, if any, suffered by Plaintiff and the purported class.

12

**FOURTH AFFIRMATIVE DEFENSE**

13

**(No Proximate Cause)**

14    4.    As a separate and affirmative defense to the Complaint and to each cause of action

15    therein, Defendants allege that, should it be determined that Plaintiff and the purported class have

16    been damaged, then said damages were proximately caused by their own conduct.

17

**FIFTH AFFIRMATIVE DEFENSE**

18

**(Conflict)**

19    5.    As a separate defense to the Complaint and to each cause of action therein,

20    Defendants allege that Plaintiff's interests are in conflict with the interests of members of the

21    purported class.

22

**SIXTH AFFIRMATIVE DEFENSE**

23

**(Lack of Standing – Class Action)**

24    6.    As a separate and affirmative defense to the Complaint and to each purported cause

25    of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendants allege

26    that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class

27    members as to some or all of the purported claims.

28

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims and/or rights have been released, waived, discharged, and/or abandoned.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of estoppel.

**EXHIBIT 3, Page 115**

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

11.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Due Process / Class Certification)**

12.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that certification of a class action would be an unconstitutional denial of Defendants' rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

13.     As a separate and affirmative defense to the claims of Plaintiff and the alleged putative class members brought pursuant to California Business and Professions Code section 17200, *et seq.*, and California Business and Professions Code section 17500, those claims are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

14.     As a separate and affirmative defense to the claims of Plaintiff and the alleged putative class members for alleged violation of California Business and Professions Code § 17200, *et seq.*, Defendants allege that the claims are not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process clause of the United States and California Constitutions.

- 4 -

EXHIBIT 3, Page 116

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

15.     As a separate and affirmative defense to the claims of Plaintiff and the alleged putative class members for alleged violation of California Business and Professions Code § 17200, *et seq.*, Defendants allege that the claims brought by Plaintiff and the alleged putative class members are barred, in whole or in part, because Defendants' business practices are not and were not unlawful in that Defendants complied with all applicable statutes and regulations and/or in conformity with industry standards.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Avoidable Consequences)**

16.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and the alleged putative class members are barred, in whole or in part, by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendants' practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

17.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that, if any damages have been sustained by Plaintiff and/or any alleged putative class member she purports to represent, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations to Plaintiff or alleged putative class members owed by Defendants, against any judgment that may be entered against Defendants.

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

18.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims of Plaintiff and/or the alleged putative class members defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Knowing, Intentional, and/or Willful Conduct)

19.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that Plaintiff and the alleged putative class members are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendants did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they did not violate those provisions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith Dispute That Wages Are Due)

20.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members pursuant to California Labor Code section 203, Defendants allege that Plaintiff and the alleged putative class members are not entitled to any penalties under California Labor Code section 203 because at all relevant times there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Intentional Failure)

21.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members pursuant to California Labor Code section 226, Defendants allege that even assuming arguendo Plaintiff and/or the alleged

- 6 -

putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the alleged putative class members are not entitled to recover damages or penalties because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Comply)

22.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege the Complaint, and each cause of action alleged therein, is barred, diminished, or reduced under California Labor Code sections 2854 and 2856 to the extent that Plaintiff and the alleged putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Perform Necessary Conditions)

23.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege the Complaint, and each cause of action alleged therein, is barred, diminished, or reduced to the extent that Plaintiff and the alleged putative class members failed to perform the necessary conditions to give rise to an obligation by Defendants to pay any claimed wages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

24.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that under the circumstances of this case an award of penalties against Defendants would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

- 7 -

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Releases)

3   25.   As a separate and affirmative defense to the Complaint and to each purported cause

4   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

5   the causes of action stated in the Complaint are barred, in whole or in part, to the extent that

6   individuals who Plaintiff wishes to represent as putative class members may have released some or

7   all of the claims against Defendants, or any of them, that are being asserted in the Complaint.

8

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

9

### (Cannot Satisfy Class Action Requirements)

10   26.   As a separate and affirmative defense to the Complaint and to each purported cause

11   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

12   Plaintiff and/or the alleged putative class members cannot satisfy the requirements for a class,

13   group, representative, and/or collective action.

14

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

15

### (Facts and Claims Alleged Do Not Support Claim for Punitive Damages)

16   27.   As a separate and affirmative defense to the Complaint and to each purported cause

17   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

18   Plaintiff and the alleged putative class members are not entitled to recover punitive or exemplary

19   damages because the alleged claims do not form the basis for punitive damages and/or Plaintiff has

20   failed to raise sufficient allegations to comply with the requirements of Civil Code section 3294.

21

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

22

### (Punitive Damages Unconstitutional In This Action)

23   28.   As a separate and affirmative defense to the Complaint and to each purported cause

24   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

25   Plaintiff and the alleged putative class members are not entitled to recover any punitive or

26   exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or

27   exemplary damages under California law as applied to the facts of this specific action would violate

28   Defendants' constitutional rights under provisions of the United States and California

- 8 -

1   Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth

2   Amendments of the United States Constitution.

3   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

4   **(Unjust Penalties Barred)**

5   29.   As a separate and affirmative defense to the Complaint and to each purported cause

6   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

7   that Plaintiff and the alleged putative class members' prayer for penalties under the Labor Code is

8   barred, in whole or in part, to the extent that such penalties would be unjust, arbitrary, oppressive,

9   or confiscatory.

10   **THIRTIETH AFFIRMATIVE DEFENSE**

11   **(Waiver of Meal and/or Rest Periods)**

12   30.   As a separate and affirmative defense to the Complaint and to each purported cause

13   of action alleged therein by Plaintiff and the alleged putative class members related to meal and/or

14   rest periods, Defendants alleged that such claims are barred to the extent Plaintiff and/or the alleged

15   putative class members waived them.

16   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

17   **(Additional Affirmative Defenses)**

18   31.   As a separate and affirmative defense to the Complaint and to each purported cause

19   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

20   they currently have insufficient information upon which to form a belief as to whether they may

21   have additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses

22   in the event discovery indicates additional defenses are appropriate.

23   WHEREFORE, Defendants pray for judgment as follows:

24   1.   That the Court deny any request(s) by Plaintiff and/or the alleged putative class

25   members to certify this action as a class and/or representative action;

26   2.   That Plaintiff and the alleged putative class members take nothing by the Complaint;

27   3.   That the Complaint herein be dismissed in its entirety, with prejudice;

28

- 9 -

4. That judgment be entered against Plaintiff and in favor of Defendants on all causes of action asserted in the Complaint;

5. That Defendants be awarded their attorneys' fees and costs incurred herein; and,

6. For such other and further relief as the Court deems just and proper.

Dated: March 18, 2021                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

JULIA C. RIECHERT
Attorneys for Defendants
WHITE HOUSE BLACK MARKET, INC.
and CHICO'S FAS, INC.

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On March 18, 2021, I served the following documents:

- **DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**

On all interested parties in this action in the manner described as follows:

☒    **(Electronic Mail)** By transmitting via electronic mail the document(s) listed above to the addresses set forth below on March 18, 2021 via One Legal eServe.

> Paul Denis
> Ethan Rasi
> DENIS & RASI PC
> 38 Corporate Park
> Irvine, CA  92606
> pdenis@denisrasilaw.com
> erasi@denisrasilaw.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 18, 2021 at Newark, California.

_____
Josette Romero

- 1 -

PROOF OF SERVICE

EXHIBIT 3, Page 123

# EXHIBIT 4

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Paul J. Denis | SBN: 279026<br>Denis & Rasi, PC<br>38 Corporate Park   Irvine, CA 92606<br><br>TELEPHONE NO.: (714) 242-4557 | FAX NO. | E-MAIL ADDRESS *(Optional):* erasi@denisrasilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: Mercedes Haldy | *FOR COURT USE ONLY* |

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice Center

| | |
|---|---|
| PLAINTIFF: Mercedes Haldy | CASE NUMBER:<br>30202101184247CUOECXC |
| DEFENDANT: White House Black Market, Inc., et al | |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Haldy v WHBM |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Civil Case Cover Sheet**
3. a.  Party served *(specify name of party as shown on documents served):*
   **White House Black Market, Inc., a Florida corporation**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Tiffany Phillips - Authorized Agent**

   | | | | |
   |---|---|---|---|
   | Age: 41-45 | Weight: 181-200 Lbs | Hair: Black | Sex: Female |
   | Height: 5'7 - 6'0 | Eyes: | Race: African American | |

4. Address where the party was served:  **4640 Admiralty Way Fl 5**
   **Marina del Rey, CA 90292-6636**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* **2/18/2021**   (2) at *(time):* **2:03 PM**

   b. ☐  **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
      person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
      abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
      address of the person to be served, other than a United States Postal Service post office box.  I informed him of
      her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
      place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date):*  from *(city):*                              **or** ☐  a declaration of mailing is attached.

   (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/119897A |

**EXHIBIT 4, Page 124**

| PETITIONER: Mercedes Hardy | CASE NUMBER: |
|---|---|
| RESPONDENT: White House Black Market, Inc., et al | 30202101184247CUOECXC |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **White House Black Market, Inc., a Florida corporation**
   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Brian Fecher - DDS Legal Support**
  b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**
  c. Telephone number: **(714) 662-5555**
  d. **The fee** for service was: **$ 82.85**
  e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
      (i) ☐ owner  ☐ employee  ☑ independent contractor.
      (ii) Registration No.: **6402**
      (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **2/19/2021**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

**Brian Fecher**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT 5

Case 8:21-cv-00811-DOC-KES Document 2-21 Filed 05/07/21 Page 132 of 137 Page ID #:132

Electronically Filed by Superior Court of California, County of Orange, 02/19/2021 11:24:52 AM.
30-2021-01184247-CU-OE-CXC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By e-Clerk, Deputy Clerk.

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Paul J. Denis \| SBN: 279026<br>Denis & Rasi, PC<br>38 Corporate Park   Irvine, CA 92606<br><br>TELEPHONE NO.: (714) 242-4557 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*: erasi@denisrasilaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: Mercedes Haldy | |

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice Center

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: Mercedes Haldy<br><br>DEFENDANT: White House Black Market, Inc., et al | 30202101184247CUOECXC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Haldy v WHBM |
|---|---|

---

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Civil Case Cover Sheet**

3. a.  Party served *(specify name of party as shown on documents served)*:

   **Chico's Fas, Inc., a Florida corporation**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **Tiffany Phillips - Authorized Agent**

   | Age: 41-45 | Weight: 181-200 Lbs | Hair: Black | Sex: Female |
   |---|---|---|---|
   | Height: 5'7 - 6'0 | Eyes: | Race: African American | |

4. Address where the party was served:  **4640 Admiralty Way Fl 5**
   **Marina del Rey, CA 90292-6636**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **2/18/2021**   (2) at *(time)*: **2:04 PM**

   b. ☐  **by substituted service.** On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:   **or** ☐ a declaration of mailing is attached.

   (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/119897B |
|---|---|---|

**EXHIBIT 5, Page 126**

PETITIONER: **Mercedes Hardy**

RESPONDENT: **White House Black Market, Inc., et al**

CASE NUMBER:
**30202101184247CUOECXC**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* **Chico's Fas, Inc., a Florida corporation**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Brian Fecher - DDS Legal Support**
  b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**
  c. Telephone number: **(714) 662-5555**
  d. **The fee** for service was: **$ 38.85**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
       (i) ☐ owner    ☐ employee    ☒ independent contractor.
       (ii) Registration No.: **6402**
       (iii) County: **LOS ANGELES**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **2/19/2021**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

**DDS**

_____
**Brian Fecher**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

EXHIBIT 5, Page 127

# EXHIBIT 6

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/09/2021                    TIME: 05:07:00 PM          DEPT:  C16

JUDICIAL OFFICER PRESIDING: James J. Di Cesare
CLERK: Martha Diaz
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2021-01184247-CU-OE-CXC**  CASE INIT.DATE: 02/16/2021
CASE TITLE: **Haldy vs. WHITE HOUSE BLACK MARKET, INC.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 73487790
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $ 1000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Case Management Conference is scheduled for 06/01/2021 at 10:00 AM in Department C16.

**The Court issues the Attached Case Management Conference Order.**

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Court orders clerk to give notice.

**EXHIBIT 6, Page 128**

## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before** _ 5-21-2021

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;

10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

The Court orders a stay on discovery until after the initial Case Management Conference is held. Notwithstanding the stay, the Court encourages the parties to engage in an informal exchange of information and documents.